Argued October 30, 1973, remanded with instructions January 7, reconsideration denied February 13, petition for review denied March 19, 1974

BAUER, *Petitioner, v.* MORGAN ET AL, *Respondents.*

517 P2d 689

*Barbee B. Lyon,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem,

argued the cause for respondent Ross Morgan, Administrator, Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

From a denial of unemployment compensation benefits, claimant appeals. Claimant assigns as error two findings of fact by the Appeals Board and its conclusion of law that he was discharged for misconduct connected with his work.[1]

Claimant worked at the Salem plant of the Overhead Door Company from September 1972 until January 30, 1973, when he was discharged. The Appeals Board made the following findings of fact:

"FINDINGS OF FACT: (1) The claimant worked for the above-named employer from September 1972 until January 30, 1973. (2) His work was that of a 'spring winder.' (3) He worked a regular shift; his pay scale was $3.31 an hour. (4) The claimant was assigned to a department where he was to wind springs, and he was under the supervision of a leadman, who operated that department. (5) A personality conflict developed between the claimant and this leadman. (6) The claimant was argumentative; making issue of matters of small

[1] ORS 657.176 sets out as grounds for disqualification:
"An individual whose unemployment is due to:
"(1) Having been discharged for misconduct connected with his work * * *.
"* * * * *"

consequence. (7) He debated each order or instruction given by the leadman. (8) The controversy between the claimant and the leadman became so acute that it came to the attention of their superiors. (9) The superiors attempted to resolve the matter by transferring the claimant to another department. (10) This was because claimant had only a short amount of seniority and experience in the department, and the foreman with his experience and ability was considered necessary for the operation of the department. (11) When the claimant argued with his superiors indicating that he was resisting the transfer, he was released on January 30, 1973."

Claimant challenges findings six and seven, asserting that the leadman was "riding" him and that his behavior toward the leadman was a reaction to what he considered unfair treatment. One of the employer's witnesses who worked near claimant confirmed this to some extent and testified that the leadman had been in a bad mood the two weeks previous to and including the day claimant was discharged.

■■ Regardless of the challenged findings of fact, claimant was not discharged because he could not get along with the leadman. The foreman attempted to resolve the problem by transferring claimant to another department. The foreman testified that claimant refused to be transferred, and so was fired. Claimant said he did not refuse, and, in fact, said he would move to the new department, but that he wanted the foreman to explain in front of a witness his reasons for transferring claimant rather than the leadman. This the foreman refused to do.[2] The referee found that claim-

---

[2] On the last of several times the claimant testified he said: "* * * I didn't say I would move; I didn't say I wouldn't move * * *." Under some circumstances such an answer could be interpreted as a refusal of transfer.

ant "expressed a strong resentment toward being the person transferred * * *." The Appeals Board found that he resisted the transfer. Neither of these findings of fact amount to an unequivocal finding of refusal to be transferred, which was the reason given by the employer for the dismissal. The requirement that claimant transfer to another department was reasonable. If the claimant in fact refused the transfer, his discharge would be justified on the ground of misconduct. If he did not refuse the transfer, we conclude his reluctant attitude and actions would not amount to misconduct defined as "* * * deliberate violation[s] * * * [or] disregard of standards of behavior which the employer has the right to expect of his employee * * *." 48 Am Jur 541-42, Social Security, Unemployment Insurance, Etc. § 38, and authorities collected therein.

Pursuant to ORS 183.480 (7) we remand with instructions that a specific finding be made as to whether or not claimant refused the transfer and for the entry of an order in accordance therewith.

Remanded with instructions.