Submitted on record and briefs April 27, affirmed May 17, 1976

STROMBERG, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 75-AB-1022, CA 5567)

549 P2d 686

Lawrence Matasar, Legal Aid Service—Multnomah Bar Association, Inc., Portland, filed the brief for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Bazar, Inc.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The Employment Appeals Board denied claimant's claim for unemployment compensation benefits after concluding that he was discharged for misconduct connected with his work. ORS 657.176(2)(a).[1] Claimant contends that his actions did not constitute misconduct.

Claimant was a clerk for a retail store. Three or four times during the period of his employment claimant had been asked to work overtime and had refused. Toward the end of his shift on August 16, 1975, he was again asked by his supervisor to work overtime. Claimant responded by shaking his head in a negative manner. Claimant's supervisor testified that after that, he said:

"* * * I want you to work. I asked him one more time and that's when I terminated him. I says [sic] if you don't, you're terminated."

Claimant completed his shift and was released.

We hold that claimant's behavior constituted "misconduct" within the meaning of ORS 657.176(2)(a). We have defined misconduct as "* * * deliberate violation[s] * * * [or] disregard of standards of behavior which the employer has the right to expect of his employee * * *." *Bauer v. Morgan,* 16 Or App 132, 135, 517 P2d 689, Sup Ct *review denied* (1974), quoting from 48 Am Jur 541-42, Social Security, Unemployment Insurance, Etc. § 38. It was reasonable for claimant's employer to ask him to work overtime on occasion and to expect that, absent unusual circumstances, he would do so when asked. For claimant to repeatedly

---

[1]ORS 657.176(2)(a) provides:

"(2) If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

refuse, without reason, "* * * evidenced a substantial disregard of the employer's interest and the employe's duties and obligations to his employer." *Romanosky v. Employment Div.,* 21 Or App 785, 788, 536 P2d 1277 (1975).

Affirmed.