SCHWAB, C. J.
Claimant appeals from a decision of the Employment Appeals Board denying him unemployment compensation benefits on the ground that he was discharged from his employment for misconduct, ORS 657.176(2)(a).[1]
Claimant began employment as a sales representative for a hotel in April 1976. Claimant’s employer testified that in the interview for the job, claimant had been told that the job required overnight travel; claimant testified that he was not told the job involved travel. For 11 months, the employer did not request that claimant travel, but in March 1977, claimant was asked to make a three-day sales trip to Kennewick, Washington. Claimant refused to make the trip on the ground that he had not been told that such travel was a requirement for the job, and the employer discharged claimant.
"Misconduct” within the meaning of ORS 657.176(2)(a) is a " 'deliberate violation * * * [or] disregard of standards of behavior which the employer has the right to expect of his employee * * *.’ ” Bauer v. Morgan, 16 Or App 132, 135, 517 P2d 689, Sup Ct review denied (1974). Here, given the nature of claimant’s job, the Employment Appeals Board could and did conclude that it was reasonable for the employer to request that claimant engage in infrequent travel of limited duration. See Stromberg v. Employment Div., 25 Or App 455, 549 P2d 686 (1976). Thus, claimant’s refusal to travel "evidenced a substantial disregard of the employer’s interest and the employe’s duties and obligations to his employer.” Romanosky v. Employment Div., 21 Or App 785, 788, 536 P2d 1277 (1975).
*[600] Claimant contends that his refusal to travel was a "minor peccadillo” and thus did not constitute misconduct. See Dietz v. Smith, 28 Or App 871, 875, 561 P2d 1032 (1977). However, employer testified that claimant’s job had an on-going requirement of travel and claimant’s refusal to travel was in absolute terms. Under these circumstances, the Employment Appeals Board could and did find that claimant’s refusal to obey his employer’s instruction was not a "minor peccadillo.”
Affirmed.

ORS 657.176(2)(a) provides:
"If the authorized representative designated by the administrator finds * * * [t]he individual has been discharged for misconduct connected with his work * * * the individual shall be disqualified from the receipt of benefits * *