Argued March 24, affirmed April 14, 1975

GEORGIA-PACIFIC CORPORATION, *Petitioner,*
*v.* EMPLOYMENT DIVISION ET AL (3976),
*Respondents.*

533 P2d 829

*Glen R. Kuykendall,* Portland, argued the cause and filed the brief for petitioner.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent John R. Szymik III.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

Claimant-employe was discharged by employer for engaging in a scuffle with another employe while on the job.

The single issue involved is whether the Employment Appeals Board (Board) erred in awarding claimant unemployment benefits notwithstanding.

ORS 657.176(2)(a) provides that if an employe is found to have been discharged for "misconduct connected with his work" he shall be disqualified from receiving benefits for a specified period.

The employer appeals from a decision of the Board (which in turn affirmed the referee) holding that the facts did not constitute "misconduct" within the meaning of the above statute. We affirm.

There is no dispute as to the facts.

According to the transcript of testimony at the hearing before the referee, on the day of the incident a group of employes, including claimant, were gathered in the employes' lunchroom prior to starting their shift at employer's sawmill. One of the employes, whose name was Wicks, was ridiculing a new employe on account of his "funny looking" hat. Wicks was reputed to be a boxer. On previous occasions he had allegedly struck other employes, including claimant. Claimant came to the new employe's defense and called Wicks an obscene name. Claimant then left the lunchroom and proceeded to the green chain to begin work. Six or seven minutes thereafter Wicks walked over to claimant and struck him with his hat. Claimant struck him back with his fist. Wicks landed a second blow

with his fist before the encounter was broken up by the foreman.

The foreman took the pair to the superintendent's office where the circumstances surrounding the altercation were explained, with all parties agreeing as to what occurred. The superintendent discharged both men, allowing a 10-minute interval between their discharges so that they would not continue fighting on the employe's parking lot.

The employer had an unwritten, although not always enforced, policy that any employe engaging in a fight on company premises would be discharged.

Employer argues that fighting is misconduct under ORS 657.176(2)(a); that claimant provoked the scuffle by calling Wicks an abusive name; that the Board's findings of fact, by ignoring the name-calling by claimant, are not supported by the record; and that its decision, "by failing to hold that the fighting was misconduct, does not conform to law."

Where there is no dispute as to the facts and the sole question is a legal one, we are required under ORS 183.480(7)(a) to affirm if we find that the administrative decision is not "unlawful in substance or procedure * * *."

Claimant, although not blameless, did not strike the first blow in the scuffle. Under the particular facts of this case, the Board was correct in concluding as a matter of law that claimant's conduct was not so seriously improper as to disqualify him from receiving benefits under the employment law. *See generally,* 76 Am Jur2d 945-47, Unemployment Compensation § 52 (1975).

The failure of the Board to make reference in its findings to the name-calling incident which preceded the scuffle would not be grounds for reversal. We

have considered the name-calling in our review of the Board's decision. We cannot agree with the employer's argument that this made claimant the aggressor in the subsequent scuffle, or that this, added to claimant's part in the scuffle, was sufficient to constitute disqualifying misconduct under ORS 657.176(2)(a).

Affirmed.