Submitted on record and briefs December 18, 1975, reversed and remanded
January 26, 1976

GERATHS, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 5091)

544 P2d 1066

David W. Hittle, Salem, and Dye & Olson, Salem, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondents.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from the decision of the Employment Appeals Board which denied her unemployment benefits on the ground that she was discharged from her employment for misconduct. ORS 657.176(2)(a).

Claimant was employed by respondent, Artz Photo in Salem, as a photoprinter starting in 1972. On June 2, 1975, she received a telephone call at work from her 19-year-old daughter in Eugene. Her daughter had been emotionally upset for several days because of the sudden death of a close friend, and had planned to attend the funeral scheduled for the afternoon of June 2 in Coos Bay, with friends. When those plans for transportation failed to materialize, she became hysterical and telephoned claimant at work.

Claimant responded to the call from her daughter by notifying the lead printer that she had to leave immediately and that she would explain the next day. Claimant then left work. Claimant testified that she failed to notify her supervisor because she believed the supervisor was out of the plant. Claimant's supervisor was generally aware of the situation concerning claimant's daughter and had offered her the day off. Claimant had declined the day off since at that time the daughter had made other arrangements for transportation to Coos Bay.

When claimant returned to work the next day she was called before Richard Wright, the plant manager, to explain her leaving work the day before. Claimant was subsequently discharged.

Claimant applied for unemployment benefits June 4 and the administrator allowed her claim. The employer requested a hearing before the referee who upheld the award of benefits. Employer appealed to the Board which reversed the referee and denied claimant benefits. Claimant appeals pursuant to ORS 183.480.

The sole question before the referee and the Board was whether claimant's conduct in leaving work under the above circumstances constituted "misconduct" within the meaning of that term as used in ORS 657.176(2)(a).

A recent decision by this court, *Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975), involved this same issue. In that case the claimant was discharged for involvement in a scuffle with a fellow employe on the job. We held that a decision by both the referee and the Board — that the scuffling incident was not so seriously improper as to disqualify claimant under the "misconduct" provision of the employment law — was legally correct.

In our opinion we made reference to 76 Am Jur2d 945-47, § 52 (1975), which in discussing the term "misconduct" in this context notes:

"* * * [M]isconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * * The statutory term 'misconduct' should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances; rather, *the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception.* * * *

"* * * [M]isconduct does not mean mere mistakes, inefficiency, unsatisfactory conduct, failure of performance as the result of inability or incapacity, inadvertence in isolated instances, good-faith errors in judgment or in the exercise of discretion, minor but casual or unintentional carelessness or negligence, and similar minor pec-

cadilloes. *Thus, ordinarily, a single instance of misconduct would not disqualify a claimant. \* \* \*"* (Emphasis supplied.)

An annotation at 41 ALR2d 1158 (1955) discusses the question of whether absence from work constitutes misconduct within the meaning of various unemployment statutes. We find no cases there or elsewhere in which an employe was denied benefits on this ground because he was absent or left work early on but one occasion for a short period of time. The cases collected there uniformly involve repeated or prolonged absences, or an employe's disregard of a direct order to be present at a certain time.

After reviewing the record in the case at bar and the authorities noted, we hold that, as a matter of law, claimant's conduct here did not constitute misconduct within the meaning of ORS 657.176(2)(a). Perhaps claimant overreacted to the frantic telephone call from her daughter. We need not pass judgment on that question because claimant's conduct did not constitute "an act of wanton or wilful disregard of the employer's interest" or "negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest * * *." At most, her conduct was an isolated instance of poor judgment. We do not believe that claimant should be denied benefits because of a single error in judgment of this type.

Reversed and remanded.