BABCOCK, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 5604)

550 P2d 1233

*Steve K. Miyasaka,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for petitioner.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Dallas Planing Mill.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

Claimant appeals a denial of his claim for unemployment benefits made by the Employment Appeals Board, one member dissenting. ORS 657.176(2) provides:

"If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work, or

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."

There are two issues raised. The first is whether claimant was discharged or whether he left work voluntarily. The board adopted the referee's opinion finding that claimant was discharged. There is substantial evidence in the record to support its conclusion that claimant did not voluntarily leave work without good cause. Thus ORS 657.176(2)(c) does not apply.

The second issue is whether claimant was discharged "for misconduct connected with his work." ORS 657.176(2)(a). The referee and a divided board concluded that he was discharged for misconduct based on the following findings of fact:

"* * * (1) Claimant worked for the employer 18 years, ending August 18, 1975. He worked as a planer man and set-up man, working from 8:00 a.m. to 4:30 p.m., Monday through Friday. Claimant earned $5.00 per hour. (2) At about 12:50 p.m., August 18, 1975, claimant asked his foreman for time off in order help his wife to start the family car. The car was about three blocks from the job site. (3) Because claimant was unable to successfully start the car and keep it running, he became involved in various journeys through the city of Dallas, trying to get the car repaired. (4) At about 3:00 p.m., the owner observed claimant and his wife in the

[ 663 ]

family car. The owner then asked the claimant to return to work because he was needed there. (5) Claimant declined to return to work because the car was not operating properly and he did not wish to leave his wife with the car. (6) The employer then caused the claimant's separation check to be prepared."

There is substantial evidence in the record to support these findings.

It is conceded here that the employer did discharge the claimant at the time and in the manner set forth in the above findings. Thus the sole question before the referee and the board was whether claimant's actions constituted "misconduct connected with his work" under that statute.

■ We consider first the question of upon whom the burden of proof rests to establish "misconduct connected with his work" under the statute. We have previously had occasion to cite with approval major portions of 76 Am Jur 2d 945, Unemployment Compensation § 52. *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976); *Romanosky v. Employment Div.,* 21 Or App 785, 536 P2d 1277 (1975); *Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975). In 76 Am Jur 2d it states:

"* * * Furthermore, where an employer charges a claimant with such misconduct as would bring about his disqualification from unemployment compensation benefits, it is incumbent upon the employer to sustain the charge by a reasonable preponderance of the evidence." (Footnote omitted; 76 Am Jur 2d at 946.)

In *Industrial Lndry. v. Rev. Bd.,* 147 Ind App 40, 258 NE2d 160 (1970), the court stated:

"The burden of proving claimant's misconduct rests on the employer. *A. Winer, Inc. v. Review Bd.* (1950), 120 Ind. App. 638, 641, 95 N.E.2d 214; *Boynton Cab Co. v. Giese* (1941), 237 Wisc. 237, 296 N.W. 630. * * *" 147 Ind App at 44.

*Geraths* was decided by this court after the decision in this case was handed down by the board. In that

decision we pointed out that misconduct within the statute

> " '* * * must be an act of wanton or wilful disregard of the employer's interest, * * *' "

and that

> " '* * * *the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception.* * * *

> " '* * * [M]isconduct does not mean mere mistakes, inefficiency, unsatisfactory conduct, failure of performance as the result of inability or incapacity, inadvertence in isolated instances, good-faith errors in judgment or in the exercise of discretion, minor but casual or unintentional carelessness or negligence, and similar minor pecadilloes. *Thus, ordinarily, a single instance of misconduct would not disqualify a claimant.* * * *' (Emphasis supplied.)" 24 Or App 204-05, quoting with approval from 76 Am Jur 2d, supra at 945-47.

It is conceded here that claimant's supervisor did expressly authorize him to leave the job for the purpose of helping his wife start their car which had stalled a few blocks from the plant after she had timely returned the claimant to his job from their home following the luncheon break. When she was unable to get the car started, she walked to the plant and it was then that the supervisor gave claimant permission to leave. He placed no time limit within which claimant was required to return, nor did he instruct or request claimant to notify the plant if he was unable to get the car operating reasonably satisfactorily by a certain time. It was not until the employer encountered claimant at about 3 p.m. still in the car that claimant was told in effect that he must return immediately or lose his job. We think the board's finding of fact number 5, *supra,* was indicative at most of a good-faith error in judgment. As such, it was not, under the rule of *Geraths,* such misconduct as to constitute a violation of ORS 657.176(2)(a).

Reversed.