Argued February 23, affirmed March 28, 1977

## DIETZ, *Petitioner,*
### *v.*
## SMITH, *Respondent.*
### (No. 76-AB-979, CA 7066)
561 P2d 1032

Donald R. Crane, Klamath Falls, argued the cause for petitioner. With him on the brief was Crane & Bailey, Klamath Falls.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Employer appeals from a decision of the Employment Appeals Board (Board) holding claimant qualified to receive unemployment compensation benefits by virtue of having been terminated for reasons other than misconduct connected with her work. ORS 657.176(2)(b). Employer contends that the Board's decision is not supported by substantial evidence. ORS 183.482(8)(d).[1]

Claimant worked for employer as a bartender for a one-year period about five years ago and again from July 1975 to May 1976. When claimant previously worked for employer, she was informed of a rule which forbade employes from borrowing money from customers; there is conflicting evidence as to whether she was informed of this rule upon her re-employment in 1975. Early in 1976, claimant borrowed $10 from a customer and repaid the money two weeks later. The customer stopped patronizing employer's tavern as a result of ill feelings which developed between him and claimant over the time for repayment of the loan. In May 1976, employer, in attempting to reconcile the customer and claimant, became engaged in an argument with claimant's boyfriend. Immediately after this argument, employer telephoned claimant and, after a heated conversation, terminated her employment, The administrator's determination that claimant was not discharged for misconduct in connection with her work was affirmed by a hearing officer and the Board.

Employer challenges the following findings of fact by the Board as not supported by substantial evidence:

"(4) When [claimant] was rehired in early 1975 that rule [against borrowing money] was not made known to her in terms of whether or not it was still in effect or had been retracted.

"* * * * *

---

[1] ORS 183.482(8)(d) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds * * * [t]he order is not supported by substantial evidence in the whole record."

"(9) The claimant would have approached the customer in an attempt to smooth over the relationship and reestablish them as patrons of this establishment, however, she was terminated by the employer before she was able to do so as a result of a discussion between the employer and her boy friend.

"(10) The claimant had not received any warning prior to her discharge that her action in borrowing money from this customer was improper and could lead to her discharge."

Each of the above findings is directly supported by the testimony of claimant who was apparently found by the Board to be a credible witness. Although employer gave a different account of the events leading to claimant's discharge, claimant's testimony, by itself, constitutes "such proof as a reasonable mind would employ to support a conclusion." *Henzel et al v. Cameron et al,* 228 Or 452, 464, 365 P2d 498 (1961); *Balduyck v. Morgan,* 9 Or App 363, 365, 497 P2d 377 (1972). Thus the Board's findings are supported by substantial evidence. As we stated in *Eastep v. Vet. Med. Exam. Bd.,* 22 Or App 457, 460, 539 P2d 1144 (1975), "It is not for us to weigh the evidence when, as here, there is conflicting evidence."

Employer next argues that even if the Board's findings are correct, they nonetheless indicate that claimant was "discharged for misconduct connected with [her] work." ORS 657.176(2)(a). In *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976), we reviewed the meaning of "misconduct" as used in ORS 657.176(2)(a):

" '* * * [M]isconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional

and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * *

" '* * * [M]isconduct does not mean mere mistakes, inefficiency, unsatisfactory conduct, failure of performance as the result of inability or incapacity, inadvertence in isolated instances, good-faith errors in judgment or in the exercise of discretion, minor but casual or unintentional carelessness or negligence, and similar minor peccadilloes. *Thus, ordinarily, a single instance of misconduct would not disqualify a claimant. * * *'* (Emphasis supplied.)" 24 Or App at 204, quoting 76 Am Jur2d 945-47, § 52 (1975).

*See also Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975). Claimant's single act of borrowing $10 from a customer—found by the Board not to be a "deliberate violation of the employer's rules"—is much more akin to a "minor peccadillo" than it is to an act manifesting an intentional and substantial disregard of the employer's interest."

Affirmed.