Argued May 24, affirmed June 27, 1977

ERICKSON, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-AB-1272, CA 7738)

565 P2d 1101

Thomas A. Caruso, Portland, argued the cause for petitioner. With him on the brief was Bailey, Doblie and Bruun, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Larry K. Amburgey, Portland, argued the cause for respondent Brooks-Willamette Corporation. With him on the brief was Bullard, Korshoj & Smith, Portland.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

THORNTON, P. J.

**THORNTON, P. J.**

Petitioner appeals from an order of the Employment Appeals Board (Board) reversing the referee and denying unemployment benefits, holding that petitioner was discharged for misconduct connected with his work. ORS 657.176(2).

Petitioner, an alcoholic, had received treatment under an Antabuse program and had worked for Brooks-Willamette Corporation without incident for about six years. A few days prior to September 2, 1976, he stopped taking Antabuse and, on the morning of September 2, drank wine prior to reporting for work. Petitioner was observed "staggering around" on a catwalk while doing maintenance work on a production saw and was requested to take a breathalyzer test by his supervisor. The breathalyzer test registered .15 percent blood alcohol by weight—well above the .10 percent standard embodied in the union agreement— and he was fired.

Petitioner contends on appeal that his misconduct was not a wanton or wilful disregard of the employer's interest as required by *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976), for denial of benefits but was a good faith error in judgment caused by a disease, alcoholism.

■ We cannot disturb a reasonable conclusion drawn from the facts even though we might reach a different conclusion were we sitting as triers of fact. *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976).

■ Petitioner was aware of the employer's practice of automatic termination of intoxicated employes and was presumably aware of a provision in the United Paperworkers International Union agreement to the effect that an employe under the influence of alcohol may be terminated. He nonetheless reported for work at a paper mill—work involving potential risks to himself and other employes—in an intoxicated condition.

We cannot view the choice to go to work intoxicated, under these circumstances, as other than " ' * * * a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employee * * *.' " *Geraths,* 24 Or App at 204. *Accord: Bates Unemployment Compensation Case,* 171 Pa Super 529, 90 A2d 379 (1952); *Booker v. Emp. Security Comm.,* 369 Mich 547, 120 NW2d 169 (1963); *In re Gibbs,* 15 App Div2d 979, 225 NYS2d 553 (Sup Ct 1962).

Affirmed.