Argued February 24, affirmed May 8, 1978

LUNDY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondents.*
(No. 77-AB-1124, CA 9251)

578 P2d 476

Stephen R. Skipton, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

Richard C. Hunt, Portland, argued the cause for respondent Borden Chemical. With him on the brief were William F. Lubersky and Dezendorf, Spears, Lubersky & Campbell, Portland.

No appearance for respondent Employment Division.

BUTTLER, J.

**BUTTLER, J.**

Petitioner seeks judicial review of an order of the Employment Appeals Board (Board) denying unemployment compensation benefits because he was discharged for misconduct connected with his work. ORS 657.176(2)(a).[1]

We paraphrase the Board's findings of fact. Claimant was discharged on June 8, 1977, on the grounds that on two separate occasions within a period of less than two months he threatened fellow employes on the employer's premises during work hours. He had worked for the same employer for about 14 years, and his last job was as a shipping and receiving clerk. The employer had a written rule which prohibited an employe from threatening or intimidating fellow employes, and provided that such action would be cause for reprimanding, demoting, suspending or discharging the violator. In April, 1977, claimant had an altercation with his union steward in which claimant pulled the steward's beard, touched his chest in a threatening manner, and invited him to step off the premises and fight. The reason for claimant's anger was his belief that the union steward had caused an increase from two to three days in the length of a layoff which claimant received as discipline for an unrelated operational mistake. The second altercation occurred on June 8, 1977, after claimant had heard from a third party that another employe had made disparaging and bigoted remarks about claimant's family. Claimant confronted the employe and told him that he would have to answer to claimant if he did not cease making such remarks.

[1] ORS 657.176(2) provides in pertinent part:

"If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."

There being substantial evidence to support the Board's findings of fact, we are bound by them. ORS 183.482(7); *Cantrell v. Employment Division,* 24 Or App 215, 217, 545 P2d 143, *rev den* (1976). While petitioner does not dispute those findings, he contends that they do not support the conclusion that he was discharged for misconduct connected with his work under ORS 657.176(2)(a). Whether that conclusion is correct is a question of law which this court must decide.

Petitioner contends that his involvement in the altercations represented "isolated occurrences of poor judgment and of minor significance" which we have held is not disqualifying misconduct. *Dietz v. Smith,* 28 Or App 871, 561 P2d 1032 (1977). *Compare Hall v. Employment Division,* 31 Or App 79, 569 P2d 699 (1977), and *Romanosky v. Employment Div.,* 21 Or App 785, 536 P2d 1277 (1975), in each of which an isolated act was held to constitute misconduct where the act involved a knowing violation or disregard of standards of behavior which the employer has a right to expect of its employes.

Whatever may be the rule with respect to an isolated act, it has no application here where there are two acts of misconduct within a relatively short time span. Petitioner would have us conclude that the altercations did not amount to misconduct because, he contends, they were "provoked." The record is clear, however, that whatever provocation there might have been did not require or even justify petitioner's response during his working hours on the employer's premises. In each instance, he was the aggressor. Compare *Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975), and *Weirich v. Employment Division,* 19 Or App 479, 528 P2d 105 (1974).

Petitioner's two altercations with fellow employes reveal an inability or unwillingness to control his temper while at work, and his actions violated a

reasonable company rule against threatening or intimidating fellow employes.

Petitioner was discharged for misconduct connected with his work within the meaning of ORS 657.176(2)(a).

Affirmed.

**TANZER, J.,** dissenting.

I would hold that claimant's acts did not constitute misconduct under ORS 657.176(2)(a) as a matter of law.

A preliminary distinction must be made. Unsatisfactory conduct for which an employe may properly be discharged is not necessarily misconduct warranting disqualification from unemployment compensation. *See, Giese v. Employment Div.,* 27 Or App 929, 933, 557 P2d 1354 (1976) *rev den* (1977); *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976); T. Broden, Law of Social Security and Unemployment Insurance, § 12.01 (1962). While an employer may discharge an employe for any reason, or for a whim, the discharge is not for misconduct under ORS 657.176(2)(a) unless the employe's improper conduct is in disregard of and injurious to the employer's legitimate interests. Thus, this case deals not with cause for termination, but with cause for restricting unemployment compensation.

An isolated instance of poor judgment or a single, nondeliberate violation of an employer's rules is not misconduct requiring disqualification from compensation. *Dietz v. Smith,* 28 Or App 871, 875, 561 P2d 1032 (1977); *Babcock v. Employment Div.,* 25 Or App 661, 665, 550 P2d 1233 (1976). On the other hand, isolated acts may constitute misconduct where they involve deliberate violation or disregard of standards of behavior which the employer has a right to expect of its employes. *Erickson v. Employment Div.,* 29 Or App

893, 896, 565 P2d 1101 (1977); *Romanosky v. Employment Div.,* 21 Or App 785, 788, 536 P2d 1277 (1975).

Two of this court's decisions have applied the foregoing principles to factual situations similar to this one. In *Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975), claimant and another employe were discharged for fighting while on the job. The latter had been harassing a third employe and claimant came to the third employe's defense and called the other man an obscene name. He then left the room, but the other employe soon came up to claimant and struck him with his hat, whereupon the two exchanged blows with their fists. This court concluded that claimant was not the aggressor in the scuffle and therefore affirmed the Board's decision that claimant's conduct was not misconduct for purposes of ORS 657.176(2)(a).

In *Weirich v. Employment Division,* 19 Or App 479, 528 P2d 105 (1974), claimant had initiated arguments with his fellow employes about violations of the union agreement at least twice in the presence of customers. On one occasion claimant used the office intercom to reprimand another employe and to call him a crybaby, and customers overheard his statements. This court affirmed the Board's decision that claimant's conduct constituted misconduct within the meaning of ORS 657.176(2)(a).

This is a close case. On one hand, claimant's two altercations with fellow employes reveal an occasional inability or unwillingness to control his temper while at work, and his actions violated a reasonable company rule against threatening or intimidating fellow employes. Some disciplinary action was appropriate. On the other hand, an employe who believes that he has been unfairly treated by his union steward or that his family has been the target of bigoted remarks properly may take his fellow employes to task for those wrongs. The fact that claimant, while on the

employer's premises, expressed his anger by threatening his co-workers and subjecting one of them to minor physical abuse shows, at least, a lapse of judgment in disregard for the employer's interest.

Whether an offensive act is in deliberate disregard of the employer's interest may be determined from two factors relevant in this case: (1) the severity of the behavior; and (2) whether it is isolated or representative behavior.

Claimant's behavior, while it subjected him to sanction under the employer's reasonable rule, was at least partially mitigated by provocation. Thus in terms of severity, it is closer on the facts to *Georgia-Pacific* than to *Weirich.* Were this a relatively new employe, two such incidents, close in time, may well be sufficient to allow an inference of disregard of the employer's interest and a conclusion of statutory misconduct. Where, however, as here, the marginal behavior follows 14 years of presumably satisfactory employment, it must be deemed to be isolated conduct rather than conduct representative of a disregard for the employer's interest. This is not to enunciate a different rule for newer and older employes; rather, it is to recognize that any inquiry into statutory misconduct is necessarily situational rather than absolute. Given the marginal severity of claimant's conduct and the context in which it occurred, I would conclude that there was no showing of statutory misconduct.

Schwab, C. J., and Thornton. J., join in this dissent.