Submitted July 21, reversed October 2, 1978

COLUMBIA PLYWOOD CORPORATION, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 78-AB-238, CA 10558)
584 P2d 784

H. F. Smith, Klamath Falls, filed the brief for petitioner.

James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Warren J. Schluchter.

Before Schwab, Chief Judge, and Thornton, Tanzer, and Buttler, Judges.

BUTTLER, J.

[ 469 ]

**BUTTLER, J.**

Employer appeals from a determination of the Employment Appeals Board (Board) that claimant was not discharged for misconduct connected with his work within the meaning of ORS 657.176(2)(a). In doing so, the Board reversed the decision of the referee.

Claimant was employed by the employer from October, 1976, until he was fired on December 11, 1977. On that day, claimant was employed feeding sheets of veneer into a dryer as part of the process of manufacturing veneer. The proper spacing of the sheets of wood as it is fed into the dryer is important because excess space between the pieces can cause overheating, burning of the wood and breakdown of the dryer. Claimant was aware of the proper method of feeding the dryer, but on the occasion in question, he was observed by his foreman throwing the sheets of veneer on the feeder belt and not placing the pieces close enough together. When the foreman attempted to remedy the situation by advising claimant of the proper method of feeding the dryer, claimant became incensed and during the course of a heated discussion called the foreman a "dummy."

The Board treated the series of incidents as one imprudent act involving an exercise of poor judgment or inadvertence. Relying on *Geraths v. Employment Division*, 24 Or App 201, 544 P2d 1066 (1976), the Board concluded that the "single instance" of misconduct did not disqualify claimant under ORS 657.176(2)(a).

Claimant's conduct in improperly feeding the dryer, although he knew the correct way, becoming incensed over the reasonable request of his foreman, and engaging in a loud, extended argument with the foreman during which he insulted the foreman, taken together, is not the type of minor peccadillo to which this court's holding in *Geraths* applied. Rather, it was a deliberate violation or disregard of standards of

behavior which the employer has a right to expect of its employees. *See Geraths,* 24 Or App at 204; *cf. Lundy v. Employment Div.,* 34 Or App 265, 578 P2d 476 (1978).

Claimant was discharged for misconduct connected with his employment within the meaning of ORS 657.176(2)(a).

Reversed.