Argued and submitted July 8, reversed and remanded to the Employment Appeals Board for further proceedings August 24, 1987

## BUNNELL,
*Petitioner on Review,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent on Review.*

(EAB 86-AB-218; CA A39247; SC S33922)

741 P2d 887

Suanne Lovendahl, Oregon Legal Services Corporation, Roseburg, argued the cause and filed the petition for petitioner on review.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition for review were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

JONES, J.

## JONES, J.

Claimant petitioned this court to review a decision of the Court of Appeals, sitting *in banc,* which affirmed without opinion, by an equally divided court, an order of the Employment Appeals Board (EAB) denying her claim for unemployment compensation benefits. The issue is whether the EAB correctly interpreted the language of an administrative rule.

The EAB adopted the factual findings and decision of the Employment Division hearings referee. The referee's findings of fact are set forth below:

"(1) Claimant worked as a retail sales person in the employer's department store from March 29, 1984 through October 17, 1985. (2) Claimant was off work due to an on-the-job injury for a period of time and returned to work on or about September 18, 1985. (3) At the time the claimant returned to work, the employer did not assign the claimant to the exact position which the claimant had held prior to the injury, but the claimant was assigned to a supervisory position with approximately the same level of authority as the claimant had held prior to her injury. (4) The claimant was dissatisfied when she was not able to return to the position she held prior to her injury and that dissatisfaction caused a degree of friction between the claimant and the store manager during the period after the claimant returned to work. (5) On the evening of October 16, the assistant manager, who was in charge of the employer's store at that time, approached the claimant and told her that he wanted the claimant to make sure that certain shelves were in a neat and orderly condition before the employes left the store that evening. (6) When the claimant completed the initial shelf organizing duties which the assistant manager had assigned to her, the assistant manager approached the claimant and asked her to go to another area of the store to perform similar shelf organizing duties. (7) The claimant initially refused the supervisor's request because the claimant felt that she had other duties which needed to be performed. (8) When the supervisor insisted that the claimant perform the duties he had assigned her, the claimant became abusive and told the supervisor that she had 'had enough of this shit' and also stated that she had had enough 'of this damn store.' (9) The claimant made the remarks indicated above in an extremely loud tone which could be heard by other employes in the store. (10) After the claimant made her remarks, the assistant manager left the area and the claimant eventually performed the duties which the manager had

assigned. (11) The assistant manager reported the claimant's outburst to the manager on October 17. (12) On October 17, the claimant was discharged for her insubordination toward the assistant manager on the previous evening."

■    ORS 657.176 establishes the grounds and procedures for disqualifying employes from the opportunity to receive unemployment insurance benefits. Subsection (2)(a) of that statute states that an individual is disqualified if the individual "has been discharged for misconduct connected with work." Pursuant to ORS 657.610(1), the Assistant Director of Employment promulgated administrative rule OAR 471-30-038(3), which defines such misconduct as follows:

"[M]isconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests * * * is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for the purposes of denying benefits under ORS 657.176."

In 1979, the assistant director promulgated this rule in an apparent attempt to capsulize the Court of Appeals' holdings as to what would constitute misconduct under ORS 657.176(2)(a). Judge Tanzer, dissenting in *Lundy v. Employment Div.*, 34 Or App 265, 269-70, 578 P2d 476 (1978), summed up those Court of Appeals cases as follows:

"A preliminary distinction must be made. Unsatisfactory conduct for which an employe may properly be discharged is not necessarily misconduct warranting disqualification from unemployment compensation. *See, Giese v. Employment Div.*, 27 Or App 929, 933, 557 P2d 1354 (1976) *rev den* (1977); *Geraths v. Employment Division*, 24 Or App 201, 544 P2d 1066 (1976); T. Broden, Law of Social Security and Unemployment Insurance, § 12.01 (1962). While an employer may discharge an employe for any reason, or for a whim, the discharge is not for misconduct under ORS 657.176(2)(a) unless the employe's improper conduct is in disregard of and injurious to the employer's legitimate interests. Thus, this case deals not with cause for termination, but with cause for restricting unemployment compensation.

"An isolated instance of poor judgment or a single, nondeliberate violation of an employer's rules is not misconduct

requiring disqualification from compensation. *Dietz v. Smith,* 28 Or App 871, 875, 561 P2d 1032 (1977); *Babcock v. Employment Div.,* 25 Or App 661, 665, 550 P2d 1233 (1976). On the other hand, isolated acts may constitute misconduct where they involve deliberate violation or disregard of standards of behavior which the employer has a right to expect of its employes. *Erickson v. Employment Div.,* 29 Or App 893, 896, 565 P2d 1101 (1977); *Romanosky v. Employment Div.,* 21 Or App 785, 788, 536 P2d 1277 (1975)."

The assistant director apparently pulled separate sentences from those Court of Appeals opinions together in formulating the administrative rule without stating clearly whether every wilful violation of the standard of behavior which an employer has the right to expect is misconduct or whether an isolated act can be an isolated instance of poor judgment even though wilful.

The referee offered the following reasons for concluding that claimant was discharged for misconduct connected with her work:

"While the claimant may have felt that she was being treated unfairly after she returned from her on-the-job injury, her vulgar outburst toward the assistant manager on the evening of October 16 was nonetheless a clear violation of reasonable standards of behavior which the employer had a right to expect. Such a rebuke to a supervisor's authority, especially when made in a voice loud enough so that it could clearly be heard by other employes, constitutes insubordination. If the claimant disagreed with the instructions she was given, she should have rationally discussed her reasoning with the supervisor. If the supervisor still desired the claimant to perform certain duties, it was clearly his prerogative to assign those duties to the claimant and take responsibility for his actions."

ORS 183.470(2) provides that final agency orders in contested cases

"shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

ORS 183.482(8)(c) provides:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the

record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

We do not quarrel that the referee and the EAB could reasonably conclude from these facts that claimant's conduct constituted a wilful violation of the standards of behavior her employer had a right to expect from her. But that does not end the inquiry. The question remains whether the rule's exclusions from the definition of misconduct, specifically, isolated instances of poor judgment, should apply.

In this case, the referee concluded that claimant's conduct was not excused as an "isolated instance of poor judgment," reasoning as follows:

"While the testimony indicated that the claimant had not engaged in outbursts or insubordination on previous occasions, *the loud and vulgar nature of the outburst indicates that it was not simply an isolated instance of poor judgment,* but rather was an intentional challenge to the supervisor's authority. For that reason, the referee concludes that claimant's outburst constituted misconduct under the rule cited above." (Emphasis added.)

The referee's statement is a *non sequitur* if the referee meant that he could infer from this verbal outburst that there had been previous similar outbursts and, therefore, her conduct was not an *isolated* instance of poor judgment. However, the referee may have meant that the nature of the outburst was much worse than poor judgment, even though it occurred only this one time. It is not surprising that the referee's findings are somewhat ambiguous. The ambiguity is generated by the ambiguity in OAR 471-30-038(3). As previously mentioned, the rule does not clearly say whether the two descriptions are mutually exclusive, *i.e.,* whether every "wilful violation of the standard of behavior which an employer has the right to expect" is misconduct, or whether even a wilful violation of a reasonable standard can be an isolated instance of poor judgment.

Here, the referee and the EAB apparently concluded that one instance of misconduct can constitute a wilful violation of the standards of behavior that an employer has the right to expect of an employe and can amount to a wilful disregard of an employer's interest. We agree that an isolated

wilful act of an employe can amount to misconduct if more severe than poor judgment. However, the referee's and the EAB's conclusion in this case is not supported by the record. The findings demonstrate a classic example of an isolated instance of poor judgment which, without more, is not misconduct as defined by the agency's own rule, OAR 471-30-038(3).

The parties do not dispute that this claimant had never previously used vulgar language on the job, and the assistant manager involved in this incident admitted that claimant had done "everything I told [her] to do before that." It is also undisputed that immediately after the verbal outburst claimant proceeded to follow the order given to her by the assistant manager and that she promptly apologized to him, stating "Well, it's — it's not you Mr. B, it's this whole situation." The following day, with no further misconduct by claimant, the manager of the store fired her, telling her, "We no longer need your kind here" and ordered her never again to enter the store, threatening that she could be arrested for trespassing if she did.

In sum, the findings of fact by the referee in this case were inadequate to support his conclusion that this was not simply an isolated instance of poor judgment. Other than this isolated verbal outburst, followed by immediate job performance, there is nothing in this record to support the more serious finding of misconduct. The issue in this case is not whether the employer was entitled to discharge the employe, but rather whether a legally discharged employe is disqualified from unemployment compensation. There is no substantial evidence in the record "when viewed as a whole" that would permit the referee or the EAB to make a finding that claimant's act amounted to more than an isolated instance of poor judgment. We remand this case to the EAB to enter an order allowing unemployment benefits to claimant.

The decision of the Court of Appeals is reversed, and the case is remanded to the Employment Appeals Board for further proceedings consistent with this opinion.