Argued and submitted December 9, 1987, reversed and remanded for reconsideration July 6, 1988

MULDREW,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(87-AB-929; CA A44771)

757 P2d 438

Robert A. Sacks, Portland, argued the cause for petitioner. With him on the brief were Jolles, Sokol & Bernstein, P.C., Portland.

Virginia L. Linder, Solicitor General, Salem, waived appearance for respondent Employment Division.

Richard L. Caswell, Portland, waived appearance for respondent U.S. Bancorp.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks review of an Employment Appeals Board order adopting the referee's decision denying him unemployment benefits on the ground that he was discharged from his employment for misconduct. ORS 657.176(2)(a). We reverse and remand for reconsideration.

In 1977, petitioner was convicted of theft in the second degree in connection with a claim for unemployment compensation benefits. He completed restitution payments for that offense in October, 1979. In 1985, he applied for work with U.S. Bancorp (Bancorp). The application included the question: "Have you ever pled guilty to or been convicted of a criminal offense involving robbery, embezzlement, forgery, shoplifting, or other dishonest act?" Petitioner answered the question "no." He testified that he believed that he could give that answer because he believed that his criminal record had been expunged.[1] At the bottom of the application was a statement certifying that the information was correct.

Petitioner began work for Bancorp in September, 1985. His work was satisfactory, but the employer suspected that wrongdoing was occurring in his department and began to investigate the employes there. Bancorp found no evidence of wrongdoing by petitioner but did discover his criminal record. It then discharged him for falsifying the application and because he could not be bonded.

ORS 657.176(2) provides, in relevant part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative * * * finds that the individual * * * [h]as been discharged for misconduct connected with work * * *."

---

[1] Petitioner notes that theft in the second degree is a crime which can be expunged and that, under ORS 137.225, a person whose record of arrest or conviction is expunged "may answer accordingly any questions relating to their occurrence." We have held:

"ORS 137.225 is a statute under which a privilege can be conferred upon persons convicted of certain crimes—the privilege to act, and answer, in the future as if their conviction had never occurred. The statute was enacted to enhance employment and other opportunities for such formerly convicted persons. * * * In other words, the statute authorizes certain persons to misrepresent their own past." *Bahr v. Statesman Journal,* 51 Or App 177, 180, 624 P2d 664, *rev den* 291 Or 118 (1981).

OAR 471-30-038(3) defines "misconduct" as

"a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct."

The rule provides exclusions from that definition:

"Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for the purposes of denying benefits under ORS 657.176."

The referee accepted petitioner's explanation of his response on the application, finding that he gave the answer he did "on grounds that he thought his conviction had been removed." Petitioner gave the only testimony, and the referee did not find him not credible. However, the referee's only legal inquiry appears to have been whether the conduct at issue was intentional. He found that the conduct was intentional and held that petitioner had committed "misconduct." In explaining his conclusion, he stated:

"[Petitioner] had an excuse. He said that he thought his conviction would have been expunged. Even if [petitioner] thought so, that is a distinction without a difference. Misconduct under the law does not require an evil motive. It requires only that something be done knowingly and intentionally. [Petitioner] knew he had been convicted, and intentionally said otherwise."

In *Bunnell v. Employment Division*, 304 Or 11, 741 P2d 887 (1987), the Supreme Court held that the inquiry in a misconduct case does not end with the question of whether the act in question was intentional. The question remains whether the rule's exclusions from the definition of misconduct are applicable, *e.g.*, whether the conduct was due to an isolated instance of poor judgment, good faith errors or the like. 304 Or at 16. The focus on whether the acts were intentional is only half of the analysis. The referee should also have determined whether any of the exclusions from misconduct apply. Although he found that petitioner's actions were intentional, he also found that the actions were based on the belief that his conviction had been expunged.

Reversed and remanded for reconsideration.