Argued and submitted January 28, affirmed March 13, 1991

Maria S. VELEZ,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Oregon Trail Mushroom,
*Respondents.*

(90-AB-860-A; CA A65272)

807 P2d 327

Sue Ann Trzynka, Ontario, argued the cause for petitioner. With her on the brief were Mark J. Wilk and Arthur E. Schmidt, Oregon Legal Services Corporation, Ontario.

Employment Division waived appearance.

No appearance for respondent Oregon Trail Mushroom.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., specially concurring.

Riggs, J., dissenting.

**EDMONDS, J.**

Claimant seeks review of an Employment Appeals Board order that determined that she was ineligible for unemployment benefits because she was discharged from her employment for wilful misconduct. ORS 657.176(2)(a). We affirm.

EAB found, in part:

"(2) The employer did not allow its employees to quarrel or fight while on company property. (3) Claimant [petitioner] knew of and understood the policy.

"(4) On December 19, 1989, claimant told a co-worker that the co-worker's husband was dumb. * * * (6) The co-worker grabbed claimant's arm and claimant told her to stop. (7) Claimant walked away. (8) The co-worker again approached claimant regarding * * * [the] remark * * *. (9) Claimant repeated the remark and walked away. (10) The co-worker again approached claimant. (11) Claimant told the co-worker she did not want to fight because a fight would *embarrass* the co-worker in front of the co-worker's husband. (12) The co-worker persisted. (13) Claimant repeated the reason she did not want to fight intentionally provoking the co-worker to fight. * * *

"* * * (17) The co-worker struck claimant. (18) Claimant struck the co-worker in return." (Emphasis in original.)

EAB also found that claimant persisted in deliberately provoking the co-worker. There is substantial evidence to support those findings. As a result, EAB held that this was not an isolated instance of poor judgment or a good faith error within the meaning of OAR 471-30-038(3), which provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct. *Isolated instances of poor judgment, good faith errors,* unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience *are not misconduct for purposes of denying benefits under ORS 657.176.*" (Emphasis supplied.)

We agree with that holding. *See Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987).

Affirmed.

**WARREN, P. J.,** specially concurring.

I agree with the lead opinion. The dissent would follow *Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987), and hold that the events recited amounted to an isolated instance of poor judgment as a matter of law. The Supreme Court did resolve that issue as a matter of law in *Bunnell,* instead of remanding to EAB for reconsideration. However, we must recognize that our review is only for substantial evidence. Here, as in *Bunnell,* the facts do not compel any particular conclusion about whether claimant's misconduct was or was not an isolated instance of poor judgment. EAB should be affirmed, because the conclusion that it drew from the facts is permissible.

**RIGGS, J.,** dissenting.

Although I *might* agree with the majority that there is *some* evidence of misconduct on claimant's part, I disagree with the result and would hold as a matter of law that the facts show only an isolated instance of poor judgment and not misconduct sufficient to justify a denial of benefits.

We should be guided by *Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987), where the claimant resisted an employer's request that she perform certain duties and became abusive, saying loudly enough to be heard by other employees that she "had had enough of this shit" and enough "of this damn store." 304 Or at 13. In holding as a matter of law that that was an isolated instance of poor conduct, the Supreme Court noted that the claimant had never before used such language on the job and had followed directions of the employer before the incident. In this case, claimant had worked for employer for approximately 15 months before the incident. There was no evidence of fighting or inappropriate conduct of a similar nature previously. The duration of the incident was about five minutes, and the evidence clearly establishes that the co-worker was the physical aggressor, not claimant. There is no evidence of injury or involvement of third parties, except the two supervisors.[1]

---

[1] In any event, EAB's reliance on the fact that claimant could have, and should have, turned to the supervisor who was present to avoid the fight is inconsistent with its finding that she *did* ask the supervisor for help to avoid the fight. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

I would hold, on these facts, that EAB erred in failing to find that the incident was an isolated instance of poor judgment.

I dissent.