Argued and submitted November 5, reversed and remanded December 8, 1993

Richard F. WATERS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and King Broadcasting,
*Respondents.*

(93-AB-459; CA A79122)

865 P2d 368

Patrick L. Block argued the cause for petitioner. On the brief were Norm Lindstedt and Lindstedt & Buono, P.C.

Virginia L. Linder, Solicitor General, waived appearance for respondent Employment Division.

No appearance for respondent King Broadcasting.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Employment Appeals Board (EAB), contending that EAB erred in concluding that he was not entitled to unemployment benefits because he was discharged for misconduct. We have considered all the assignments of error and write only to address claimant's contention that EAB should have found that his conduct was an isolated instance of poor judgment.

Claimant worked for employer as a free lance "voice talent," doing voice-over work. He worked under a contract with no specific starting or ending date, and could be dismissed with three weeks' notice. Before the incident in question, claimant had had no prior difficulties with discipline and, in fact, had been praised highly for his work. When claimant finished work on Thursday, July 2, 1992, the producer for whom he usually worked told him that he did not have to report to work until Monday morning. Claimant made plans to leave Thursday evening to go fishing for the weekend.

When he arrived home that evening, claimant found a message on his answering machine from another producer, indicating that she was taking the weekend off and therefore needed claimant to come in on Friday, if he was available. The producer had left her home telephone number in the message, saying that she would be home all evening, and that claimant should call her. Claimant tried once before 7 p.m. to reach the producer at home, leaving an angry message on her answering machine, complaining that employer was taking advantage of him and had ruined his weekend. Claimant concedes that he may have used some "mild profanity," like "damn" and "hell." Claimant tried two more times until just after midnight to reach the producer, who was home, but chose not to answer her telephone. On both occasions, he left messages on her answering machine.

The producer called claimant the next morning and told him that he did not need to come to work that day if it would cause a problem. Claimant had already canceled his fishing trip, so he went to work. After hearing about the

incident from the producer and claimant, claimant's supervisor decided that claimant's conduct had been insubordinate and inappropriate, and she discharged him.

OAR 471-30-038(3) provides, in part:

"[M]isconduct is a wilful violation of the standards of behavior which an employer has a right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests * * * is misconduct. Isolated instances of poor judgment * * * are not misconduct for the purposes of denying benefits under ORS 657.176."

In *Bunnell v. Employment Division*, 304 Or 11, 16, 791 P2d 887 (1987), the claimant was discharged for a sudden, short angry outburst against her employer, during which she told him that she had "had enough of this shit." The court discussed OAR 471-30-038(3), and concluded that conduct that constitutes a wilful violation of the standards of behavior that the employer has a right to expect is not "misconduct," for purposes of disqualification from employment benefits, if the conduct is an isolated instance of poor judgment. The court also indicated that an isolated wilful act of an employee may be so extreme as to amount to misconduct. The court found no evidence that the claimant's conduct was more than an isolated instance of poor judgment. 304 Or at 16-17.

Here, EAB found that claimant was discharged for misconduct related to his employment, and rejected claimant's contention that his conduct was excusable as an isolated instance of poor judgment. EAB characterized claimant's "repeated" calls as "harassing and abusive," and found that the leaving of several angry telephone messages was "more serious than poor judgment."

Initially, we are concerned that EAB's reference to claimant's "repeated" telephone calls indicates that EAB may have thought that it had to treat that conduct as falling outside the category of an "isolated" incident because it involved more than one act. The calls were a single occurrence in the employment relationship, and EAB was not precluded from treating them as an isolated instance.

Additionally, EAB's findings show that it has not adequately considered the record. Claimant felt that he had

not been treated fairly by employer and lashed out, overreacting in a display of anger that was certainly inappropriate. However, there is nothing in this record to indicate that he acted with an intent to "harass or annoy" the producer. The record shows only that he acted in anger and that he used poor judgment in expressing that anger, as did the petitioner in *Bunnell*. There is no evidence to support EAB's finding that claimant's conduct was more serious than poor judgment. EAB erred in concluding that claimant is disqualified from receiving benefits.

Reversed and remanded for an award of benefits.