Argued September 18, reversed October 13, 1975

CHAMBLEE, *Petitioner, v.* EMPLOYMÉNT
DIVISION ᴇᴛ ᴀʟ (No. 75-AB-376), *Respondents.*
541 P2d 165

*Samuel R. Blair,* Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Claimant, a school teacher at Leslie Junior High School, Salem, Oregon, quit her employment in May 1974. She claimed unemployment benefits under ORS 657.150. The claim was denied by the Employment Division administrator on the ground that she lacked "good cause" for leaving her employment. She requested a hearing pursuant to ORS 657.270. The referee found she had good cause to quit and set aside the administrator's decision. The Gibbens Co., Inc., employer's agent,[1] requested review by the Employment Appeals Board, which set aside the referee's decision and held that claimant had not shown good cause for leaving her teaching position. Claimant seeks judicial review by this court claiming that the facts found by the Employment Appeals Board will not support its decision as a matter of law.

[1] It is not clear under what authority the Gibbens Co., Inc., represented the employer school district as agent before the Employment Appeals Board.

By statute we review to determine whether the Board's order is (1) lawful in substance and (2) supported by "reliable, probative and substantial evidence in the whole record." ORS 183.480(7).

The facts are not in dispute. The referee and the Employment Appeals Board made substantially the same findings of fact.

■ Where the findings of fact are undisputed, the issue becomes one of law. When that is so, our review is not for substantial evidence but, rather, this court exercises its independent judgment. *Baker v. Cameron,* 240 Or 354, 360, 401 P2d 691 (1965).

■■ The Employment Appeals Board determined that the conceded facts supported the legal conclusion that claimant voluntarily left work without good cause. We disagree. Good cause has been defined as "such cause as would compel a reasonably prudent person to quit under similar circumstances." *Brotherton v. Morgan,* 17 Or App 435, 438, 522 P2d 1210 (1974). One of the circumstances which may provide good cause to leave employment is harassment by one's employer. *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974).

The undisputed facts may be summarized as follows:

Claimant was under contract as a junior high school art and math teacher for the 1973-74 school year. She had problems getting supplies and books and had conflicts with the school administration. During her school year the school principal assigned her an additional class to teach and when she tried to get textbooks for the class she was told there was only $10 available from petty cash to purchase books. As a result, she had no textbooks for the class.

On another occasion claimant requested assistance

from the vice-principal in a disciplinary problem with a student whom she thought had climbed through a window. The vice-principal, in front of the class, announced that, "It was impossible for him to ever have climbed in there; so there," and he then walked out.

In January 1974, the principal had decided not to recommend renewal of claimant's contract. He wrote a letter to her detailing his dissatisfaction with her work performance and asked her to sign it.[②] She refused to sign the letter and the principal and assistant principal then issued a personnel file letter reprimanding her for her lack of cooperation and for insubordination. Finally, on the day she quit, she asked the teacher in charge of issuing art supplies for some paste for use in her art class. The teacher refused to give her any paste. This culminated in frustrating and upsetting her so that she reported to the Superintendent of Schools and resigned her employment on May 8, 1974, about three or four weeks before the expiration of her contract.

■ We conclude, as did the referee, that the continuous failure of the administration to see that claimant received the necessary materials to perform her teaching duties, the undermining of her disciplinary authority in front of students, the hostile treatment by members of the faculty and administration, and the placing in her personnel file of a reprimand for insubordination for refusing to sign a letter purporting to admit unsatisfactory teaching performance, constituted harassment and provided a sufficient basis for a reasonable person to leave his or her employment.

Reversed.

---

[②] The place provided for her signature does not indicate it to be a receipt for the letter, but, rather, it appears that claimant would reasonably have concluded it to be an acknowledgment of the validity of the criticisms of her performance as a teacher.