Submitted on record and briefs, April 27, affirmed June 1, 1976

TOLONEN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*

(No. 75-AB-849, CA 5348)

549 P2d 1294

Louis Savage, Legal Aid Service—Multnomah Bar Association, Inc., Portland, filed the brief for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Portland Public Schools.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Claimant seeks to have reversed an order of the Employment Appeals Board denying his claim for unemployment compensation benefits on the ground that he voluntarily left work without good cause and was not actively seeking work. Claimant contends that the order should be reversed because it is not supported by reliable, probative and substantial evidence.

While working as a school custodian, claimant became addicted to heroin. Although his work was satisfactory, claimant eventually resigned. At the hearing, when claimant's attorney asked him why he quit his job, he replied:

"I had a problem with drugs at the time and * * * it was overcoming me * * * and the school district has a policy about anything [anytime?] you get caught with drugs or found, you know, under the influence of narcotics while you're working and you'll automatically be fired. I didn't want to screw up my civil service at the time and it meant a lot to me and * * * I just quit right then, you know, to clean myself up—."

Later when the referee asked claimant if he was having problems with his work, he testified:

"A  I was more scared of getting caught. 'Cause like, I got so, like I was doing it, you know, every two hours or so, when I was doing it at work and it was with me. I had it on me.

"* * * * *

"A  And like, people were coming up, like teachers come up all hours of the night and like—and like, they come looking for me and stuff like that and they'd open my door and here I was, you know, right in the middle of something. A lot of times there's little kids running through the building."

ORS 657.176(2)(c) provides:

"(2) If the authorized representative designated by the administrator finds:

"(c) The individual voluntarily left work without good cause * * *

[ 577 ]

the individual shall be disqualified from the receipt of benefits * * *."

■ Claimant's quoted testimony constitutes substantial evidence supporting the Board's finding that claimant left his work out of fear that his drug addiction would be discovered. ORS 183.482(8)(d). This finding supports the Board's decision that claimant voluntarily left work without good cause.

ORS 657.176(2)(c) does not necessarily provide a permanent disqualification. Subsection (5) of that statute provides:

"* * * [I]f an individual who has been disqualified * * * establishes to the satisfaction of the administrator that he has, in not less than eight separate weeks, subsequent to the week in which the cause for disqualification occurred, been able to work, available for work, and been actively seeking and unable to obtain suitable work, and was registered for work, and continued to report at an employment office as provided in paragraphs (a) and (b) of subsection (1) of ORS 657.155, the administrator in that event may find him eligible for benefits subsequent to such eight weeks."

Following such eight weeks, an individual would then be eligible for benefits in any week that the administrator found that the individual "is able to work, is available for work, and is actively seeking and unable to obtain suitable work." ORS 657.155(1)(c).

■ The Board found that claimant did not utilize the Employment Division's "job bank." The record supports this. Claimant testified that he only went to the Employment Division once. From this, it was reasonable for the Board to conclude that claimant "was not conducting an active search for work." Consequently, we affirm the Board's order denying claimant benefits.

Affirmed.