Argued May 3, reversed May 23, 1977

BEAVERTON SCHOOL DISTRICT NO. 48,
WASHINGTON COUNTY, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-AB-941, CA 7306)

564 P2d 717

Donna M. Cameron, Portland, argued the cause for petitioner. With her on the brief were Miller, Anderson, Nash, Yerke & Wiener and David W. Morthland, Portland.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A.

Redden, Assistant Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Charles F. Gros.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Employer Beaverton School District appeals from a determination by the Employment Appeals Board that claimant "voluntarily left work with good cause" and was not, therefore, ineligible to receive unemployment compensation benefits.[1]

Trained in special education and behavior modification techniques, claimant was initially hired as an instructor by the District in September 1973 and assigned to teach a class of children with particularly severe emotional and behavioral problems in September 1974. In the course of the 1974-75 school year claimant's performance as an instructor apparently proved to be less than entirely satisfactory, his failure to develop and maintain consistent programs of individualized behavior modification for his students or to adequately observe and record student behavior being cited by his supervisors as serious deficiencies. Although claimant was, despite these deficiencies, returned to the same classroom at the outset of the 1975 school year, he was subsequently placed on "intensive evaluation" in November 1975 when no improvement in his performance appeared to be forthcoming. The evidence also indicates that in addition to performing inadequately as an instructor claimant had, between September 1974 and the date of his separation from the District, consistently failed, despite repeated reprimands, to observe various personnel rules including those relating to the use of the District's telephones,

---

[1] "(1) An authorized representative designated by the administrator shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination leaving, resignation, or disciplinary suspension from work * * *.

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."
ORS 657.176(1) and (2)(c).

the circumstances under which a teacher might leave his students unattended in the classroom, the time at which teachers could depart from the school grounds at the end of the day, and attendance of staff meetings.

As a result of claimant's failure either to improve his performance as an instructor or to conform his behavior to the District's generally applicable personnel rules, the District's coordinator of special education, together with the principal of the school to which claimant was assigned, decided on December 5, 1975 that they would recommend to the District's director of personnel that claimant be dismissed at the end of the approaching Christmas vacation. Upon review of that recommendation the director of personnel concluded that a discharge was in fact warranted and forwarded the matter to the District's Board of Directors for further action. Claimant was informed by the director of personnel on December 31, 1975 that a recommendation for his termination had been made and that he would be suspended, with pay, beginning the first scheduled day of school following the vacation period until such time as the school board was to make its final decision.

At claimant's request[2] a hearing on the proposed discharge was conducted on January 6, 1976 by a hearings officer appointed by the school board. On January 19 the hearings officer submitted his own conclusions to the board also recommending that claimant be discharged, citing both his failure "to fulfill his responsibilities as a teacher," and his consistent failure "to follow verbal and written procedures" at least some of which were "fundamental to the proper teaching" of students exhibiting emotional or behavioral problems. The school board then scheduled a meeting for February 9 for the purpose of considering its hearings officer's recommendations, claimant

---

[2]Under the Fair Dismissal Law, ORS 342.805 et seq, claimant as a "probationary teacher" was entitled to receive a written copy of the reasons for his proposed dismissal as well as a hearing before the school board prior to any final action.

being informed that he could appear at that meeting with counsel in order to offer arguments in his own behalf. On February 6 claimant met with the District's director of personnel seeking an opinion as to the likelihood that the board would vote to terminate his employment. Informed that the case for dismissal appeared to be strong, claimant chose to submit a letter of resignation at that time.

Claimant thereafter filed a claim for and was awarded unemployment compensation benefits based upon the rather puzzling finding by the administrator of the Employment Division that claimant had been "discharged" from his employment as a result of his nonculpable inability to meet the District's "requirements for satisfactory job performance." At the District's request the initial decision of the administrator was subsequently reviewed by means of a hearing convened on both June 9 and August 10, 1976. At the conclusion of that hearing the Employment Division's referee found that claimant had "voluntarily left his work" prior to any final decision by the District on the recommended discharge, that claimant's "final separation was accordingly not a discharge," and that claimant had in fact resigned "without good cause."[3] Consistent with those findings the referee held that claimant

---

[3] Included among the referee's findings and conclusion were the following:

"(1) Claimant served the above employer as a teacher between September of 1973 and February 9, 1976. * * * (3) Claimant was responsible for teaching children with behaviorial [sic] problems who required close and constant supervision. (4) On several occasions, claimant left these children inadequately supervised—even though he knew that to do so would be violative of employer's procedures. (5) On other occasions, claimant charged personal long distance telephone calls to the employer's telephone number, although he knew that he was expected not to do so. (6) Claimant also failed to present written reports as required and missed some obligatory staff meetings. (7) The aggregate of such problems prompted claimant's supervisors to recommend in December, 1975, that claimant be discharged. * * *

"(9) After a hearing in January, 1976, a hearings officer issued an opinion recommending to the School Board that claimant be dismissed. (10) Only the Board had the authority to decide whether this would

*(Continued on following page)*

[ 491 ]

was, contrary to the initial decision of the administrator, disqualified from the receipt of unemployment benefits under ORS 657.176(2)(c).

Upon its review of the matter a majority of the Employment Appeals Board reversed the order of the referee, holding in an opinion we frankly find difficult to comprehend that under the circumstances claimant had left his employment with "good cause":

> "Given the fact that the claimant's supervisors recommended his discharge and that a hearings officer issued a decision recommending that he be dismissed, we are persuaded that the claimant was fully justified and correct in the belief that his discharge was imminent. In addition to these factors, he was also on suspension[4] and under these circumstances we find a person need not remain employed under these conditions and await an inevitable discharge from the work * * *."

██ Assuming that the evidence included in the record was sufficient to support the board's ultimate finding that claimant resigned due to a well founded belief "that his discharge was imminent,"[5] the Board's conclusion that those circumstances provided claimant with "good cause," as that term is used in ORS 657.176(2)(c), for voluntarily leaving the ranks of the employed and joining those of the unemployed is, we find, untenable. The primary objective of the Employ-

---

occur. (11) However, before they issued their decision, claimant resigned.

"* * * Since employer was still making up its mind when claimant made his move, employer did not become an effective moving party * * *. Rather, * * * claimant's voluntary leaving preempted whatever decision the Board would have made * * *."

[4] As noted above, the evidence is uncontroverted that claimant had been suspended *with pay* pending a final decision by the school board.

[5] The dissenting member of the board noted that

"* * * [a]lthough the claimant made an appearance at the hearing on June 9, 1976 he offered no testimony nor were any of his witnesses presented. When the matter was reopened for further testimony on August 10, 1976, the claimant did not appear. Therefore, I do not understand how a finding can be made that good cause existed for leaving the work when the claimant did not avail himself of the opportunity to present evidence to establish good cause * * *."

[ 492 ]

ment Division Law (ORS ch 657) is to provide economic protection for those members of the work force who have become unemployed through no fault of their own. When the actual conditions under which an employe is required to work are, for one reason or another, sufficiently intolerable that any reasonable person would be compelled to resign, the employe may "voluntarily" leave his work without becoming ineligible for unemployment benefits, the rationale being that the intolerable employment conditions have themselves produced what amounts to a state of "involuntary" unemployment.

In this case the sole reason for the submission of claimant's resignation was apparently his concern for the detrimental impact a termination by the District would have had on his teaching career. In effect claimant resigned because he feared he was going to be dismissed for reasons that would reflect unfavorably upon his performance as an instructor. While the submission of his resignation under these circumstances may well have been a prudent act on claimant's part, that resignation was not "compelled" in any way by the conditions under which he had been required to work, and was not, therefore, submitted with "good cause." *Cf. Aschenbrenner v. Employment Div.,* 29 Or App 345, 563 P2d 757 (1977); *Tolonen v. Employment Div.,* 25 Or App 575, 549 P2d 1294 (1976); *Weidert v. Employment Division,* 22 Or App 474, 539 P2d 1116 (1975). The decision of the Board is reversed as "unlawful in substance." ORS 657.282; 183.482(8)(a). *Cf. Chamblee v. Employment Div.,* 23 Or App 53, 541 P2d 165 (1975).

Reversed.