Argued May 24, reversed August 22, 1977

## CITY OF MILWAUKIE, *Petitioner,*
*v.*
## EMPLOYMENT DIVISION et al, *Respondents.*
### (No. 76T-P-655, CA 7517)
567 P2d 1061

Myer Avedovech, City Attorney, Milwaukie, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division.

Thomas L. Mason, Portland, argued the cause and filed the brief for respondent Raymond W. Duckett.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

TANZER, J.

## TANZER, J.

The employer seeks review of an order of the Employment Appeals Board holding that claimant voluntarily left work with good cause and was therefore entitled to receive immediate unemployment compensation. ORS 657.176(2)(c).

The Board's order was based upon the following findings of fact:

"(1) The claimant was employed by this employer as a police dispatcher from April 15, 1974 until July 8, 1976. (2) On or about June 23, 1976 the claimant discussed a police matter with a telephone caller rather than refer the caller to the police officer concerned. (3) This was in violation of the employer's rules and policies. (4) Prior to this occasion the claimant had received four warnings concerning his job performance. (5) After the last incident the claimant's supervisor led the claimant to believe that the chief of police was going to fire the claimant. (6) In order to protect future employment possibilities in his field and because he was faced with an imminent discharge the claimant resigned his position."

Subsequent to the Board's decision in this case we held, in *Beaverton Sch. Dist. No. 48 v. Emp. Div.,* 29 Or App 487, 564 P2d 717 (1977), that a resignation, submitted under threat of discharge, in order to protect future employment possibilities is not compelled by the conditions of employment and therefore is not submitted with good cause. We adhere to that decision and accordingly hold that claimant left work without good cause.

Reversed.

**THORNTON, P. J.,** dissenting.

In my view we cannot reach a proper decision in this case until there has been a determination by the Employment Division as to whether the conduct for which claimant was asked to resign amounted to "misconduct connected with his work." ORS

657.176(2)(a).[1] I would therefore remand for this determination.

The record establishes that this claimant was forced to resign.[2] As the Oregon Supreme Court observed in *Wied v. Marion County,* 275 Or 711, 721, 552 P2d 1294 (1976):

"* * * There is no practical distinction between a coerced resignation and a dismissal * * *."

I find it inconsistent to allow unemployment benefits to a claimant discharged for conduct not amounting to misconduct within ORS 657.176(2)(a), which we have frequently approved,[3] and to deny benefits to a claimant who resigns under a threat of discharge for the same conduct. And it would seem unfair to penalize a claimant who resigns under a threat of discharge for minor infractions the employer perceives as grounds for discharge, when the resignation is made to protect the opportunity for reemployment in

[1] ORS 657.176(2)(a) provides:

"(2) If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work * * *."

[2] In an Inter-Department Memorandum from the police chief about a month after claimant's resignation, he wrote:

"Since [claimant] had been counseled on several previous occasions for various infractions, and since this matter at hand was very precarious, I discussed the matter with his immediate supervisors and told them that I was prepared to terminate [claimant]. The supervisors counseled [claimant] and advised him of the seriousness of this incident. They also advised [claimant] that I was prepared to terminate him for the many infractions, culminating with this incident. They advised [claimant] that the Chief of Police would consider a resignation, if it were offered.

"On June 24, 1976, I received a resignation from [claimant] indicating pressure of the job and economic reasons as cause for the termination.

"Since it was my intention to terminate [claimant], I accepted the resignation in lieu of termination."

[3] *See,* for example, *Georgia-Pacific v. Employment Div.,* 21 Or App 135, 533 P2d 829 (1975); *Geraths v. Employment Division,* 24 Or App 201, 544 P2d 1066 (1976); *Babcock v. Employment Div.,* 25 Or App 661, 550 P2d 1233 (1976).

the same field or as an accommodation to the employer.

The majority opinion relies upon our decision in *Beaverton Sch. Dist. No. 48 v. Emp. Div.*, 29 Or App 487, 564 P2d 717 (1977). In *Beaverton* also the claimant resigned to avoid dismissal. However, in *Beaverton* there was a determination that the claimant had been guilty of misconduct. Here there has been no such determination.

A difficulty with the case at bar is that the parties and the Employment Appeals Board have viewed this case as a 'leaving work with good cause' case and that approach does not gracefully accommodate a "misconduct" aspect. Nonetheless, it seems to me that whether resignation under threat of imminent discharge is viewed as leaving work with "good cause" due to an untenable working environment or as a constructive discharge is a matter of indifference so long as the employe is not granted unemployment benefits when the conduct for which he is asked to resign amounts to "misconduct connected with his work."

I therefore respectfully dissent.