Submitted on record and briefs September 30, reversed and remanded for reconsideration November 10, 1982

PRICE,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 82-AB-395, CA A24472)

653 P2d 581

Judicial Review from Employment Appeals Board.

Richard A. Price, Cascadia, filed the brief for petitioner Richard A. Price, pro se.

Jacquelyn Romm, Eugene, filed the brief for respondent, Sweet Home School District #55. With her on the brief were Bruce Smith and Cass, Scott, Woods & Smith, Eugene.

Max Rae, Law Clerk, Salem, waived appearance for respondent Employment Division.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board (Board) finding that petitioner had resigned his position as a high school principal with the Sweet Home School District (District) without good cause and is therefore not entitled to unemployment compensation benefits. Petitioner maintains that (1) the Board's order was not supported by substantial evidence and (2) the Board erroneously interpreted the applicable administrative rule, OAR 471-30-038. We find a more fundamental difficulty in the Board's order and reverse and remand for reconsideration.

The facts of the case are, for the most part, not in dispute. Claimant worked for the District from September, 1969, until the date of his resignation on October 12, 1981. For the last four years of that period, he was employed as principal of the high school. In about March, 1981, certain discrepancies in petitioner's credentials were discovered in his file that was maintained by the District. The discrepancies resulted in a great deal of concern both on the part of the District and the public. In June, 1981, a new superintendent, Mr. Bennett, was hired by the District. Bennett and petitioner did not get along. Bennett took away from petitioner duties that had normally been performed by the high school principal. The situation was exacerbated by the difficulty over petitioner's credentials, with the problem finally being submitted to the state Teachers Standards and Practices Commission. Initial steps leading to petitioner's discharge were commenced by the District under the Oregon Fair Dismissal Law, ORS 342.805 to 342.955, including a five-day suspension without pay as of October 5, 1981. Petitioner and the District then reached a compromise solution requiring petitioner to resign and turn in both his teaching and administrative credentials in exchange for $8,600 and a promise not to pursue any rights or remedies under the contract. The compromise was effective October 12, 1981.

After his resignation, petitioner applied for unemployment compensation, which was denied by an administrative decision that stated: "You were discharged from Sweet Home School District on October 5, 1981, * * *

because it was found that your credentials as an administrator-teacher were based on false information and not valid."

Petitioner sought a hearing on the administrative decision, which was held on December 17, 1981, and was followed by a referee's decision that set aside the denial of benefits. The referee found that petitioner had left work with good cause:

"[Petitioner] voluntarily left his work with good cause. The Rule (OAR 471-30-038) find[s] good cause to leave one's work where reason and common sense so dictate, and where the cause is so compelling * * * that there is left no other reasonable alternative but to quit. Here, the resignation was pursuant to a negotiated settlement of the dispute between the parties. Such reason is compelling and leave[s] no alternative. Claimant is not disqualified for the separation."

The District then sought review by the Board, which reversed the decision of the referee, one member dissenting. All of the circumstances surrounding the eventual negotiated termination of petitioner's employment were viewed in a different light by the Board, which summarized them in a single sentence:

"On October 12, 1981, the [petitioner] signed a letter of resignation prepared by the [District's] attorney because he had been told by the new superintendent that the superintendent and eight of the nine school board members were going to request the claimant's resignation."

The Board then went on to dispose of the case by stating:

"We do not agree with the referee that the claimant has established good cause for leaving work. In two very similar factual situations, the Oregon Court of Appeals found that resignation under such circumstances did not constitute good cause for leaving work. *See Beaverton School Dist. v. Employment Division,* 29 Or App 487, 564 P2d 717 (1977), and *City of Milwaukie v. Employment Division,* 30 Or App 693, 567 P2d 1061 (1977). Therefore, the claimant is subject to disqualification by reason of his separation from work."

■ Petitioner maintains that there is not substantial evidence to support the findings of the Board. However, petitioner does not set out in his brief the specific findings

of fact that he claims are not supported by the record, and it appears from our review of the record that everything the Board found has support in the record.[1] Much of petitioner's argument concerning the facts is taken up with his reworking them in an attempt to establish that there was a conspiracy to discredit and destroy him by placing falsified credentials in his District file and then causing the credentials to be discovered. The evaluation of facts, however, is not a function of this court on judicial review. *See* ORS 183.482(8)(c).

■        Petitioner's second objection is that the Board misapplied OAR 471-30-038, which provides, in pertinent part:

> "(4) Good cause for voluntarily leaving work * * * is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Petitioner might more appropriately have pointed out that the Board's decision does not even *discuss* OAR 471-30-038. Instead, the Board relies upon two 1977 decisions of this court construing what is good cause for leaving work. The Board's approach is inappropriate. In *Sothras v. Employment Division,* 48 Or App 69, 73-75, 616 P2d 524 (1980), we discussed in detail the precedential value of any decision of this court construing the phrase "good cause" in light of the Supreme Court's decision in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). We there held that, in view of *McPherson,* our earlier opinions construing the meaning of "good cause" were no longer controlling.

It is clear that, in the present decision, the Board has done precisely what we indicated that it should not do in *Sothras.* Instead of determining for itself whether the circumstances surrounding petitioner's resignation were

---

[1] We note in passing that the Board's truncated summary of the circumstances surrounding petitioner's resignation does not appear to focus as fully on all of the factors surrounding the resignation as did the referee's decision, but that is not the thrust of the petitioner's argument here. It would be more useful if the Board had more fully addressed the issues raised by the findings of fact made by the referee. *See Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329 (1982).

such as would justify his leaving employment under OAR 471-30-038(4), the Board chose to rely on two 1977 decisions of this court that no longer have binding precedential value. The Board has not exercised its independent authority. The case is reversed and remanded for the Board to do so.

Reversed and remanded for reconsideration.