Argued and submitted September 6, certified questions answered November 30, 1989

# BRATCHER,
*Plaintiff,*

*v.*

# SKY CHEFS, INC.,
*Defendant.*

## (USDC 88-435-DA; SC S36015)

783 P2d 4

Richard C. Busse, Portland, argued the cause for plaintiff. With him on the brief was Donald B. Potter, Portland.

Walter V. Siebert, Denver, argued the cause for defendant. With him on the brief were Susan K. Grebeldinger and Sherman & Howard, Denver; Richard L. Sadler, David N. Goulder, and Copeland, Landye, Bennett & Wolf, Portland.

Elden M. Rosenthal and Rosenthal & Greene, P.C., Portland, filed a brief on behalf of *amicus curiae* Plaintiff Employment Lawyers Association.

PETERSON, C. J.

## PETERSON, C. J.

On April 12, 1989, the United States District Court for the District of Oregon certified two questions to this court pursuant to the Oregon Uniform Certification of Questions of Law Act, ORS 28.200-28.255. The two questions are:

"(1)  Does Oregon recognize the tort of wrongful constructive discharge?

"(2)  If so, what are the elements of the tort?"

In *Sheets v. Knight,* 308 Or 220, 228, 779 P2d 1000 (1989), we stated:

"To adequately allege and prove a claim for wrongful discharge, an employee who has resigned must allege and prove not only that he was discharged, but that the discharge was *wrongful.*" (Emphasis in original.)

As they are phrased, the questions suggest that there is a separate tort involving constructive discharge. There is in Oregon a tort of wrongful discharge, and this court recently has decided that a so-called constructive discharge can satisfy the "discharge" requirement. *Sheets v. Knight, supra.* As to the law of wrongful discharge, it has been reviewed in a number of cases such as *Delaney v. Taco Time Int'l.,* 297 Or 10, 681 P2d 114 (1984), and *Holien v. Sears, Roebuck & Co.,* 298 Or 76, 689 P2d 1292 (1984), as well as in *Sheets v. Knight, supra,* and we shall not repeat here what was set out in those recent opinions.[1]

*Sheets v. Knight,* decided after the questions were certified to us, also addresses the elements of a so-called "constructive" discharge in the tort context. We accepted certification because the precise issue raised herein — a claim of constructive discharge because of working conditions — was not decided in *Sheets.*

*Sheets* makes it clear that a resignation may have the same effect as a discharge if the resignation is, in effect, forced by the employer. We stated: "The plaintiff's allegation that he 'was informed that if he did not resign he would be dismissed by defendants' is sufficient to allege a constructive discharge."

---

[1] *See* part C of *Sheets v. Knight,* 308 Or 220, 228-32, 779 P2d 1000 (1989), for other Oregon cases discussing the tort of wrongful discharge of an at-will employee.

308 Or at 228. The facts in the case at bar are markedly dissimilar to those in *Sheets*. The analysis, however, is not.

We have not heretofore decided whether a resignation caused by unacceptable working conditions can be a constructive discharge.[2] The defendant's brief suggests that Oregon should recognize the doctrine of wrongful constructive discharge in some form. We do not agree that "wrongful constructive discharge" is a "doctrine"; that confusion of two distinct issues leads to the form of the District Court's first question to which we have referred.

A discharge of an at-will employee may be tortious under the tests set out in the cases we have cited. The initial question, however, is whether an employer has terminated the at-will worker's employment when the employer has not expressly told the employee so, that is to say, whether a discharge has occurred. *Sheets v. Knight* identified one such situation — the situation where an employer in effect tells an employee to "resign or be fired." Another category, perhaps more common in case law, involves resignations resulting from working conditions, resignations in which the employee's complaint is, "I didn't want to resign, but was forced to resign because of intolerable working conditions."

In the context of a claimed constructive dischrge resulting from working conditions, not less than two aspects must be considered. We will first consider whether an employee must show that the employer deliberately created or maintained the working conditions complained of with the intention of forcing a resignation. Then we will consider whether an employee need show only that the employee quit because of the working conditions (a subjective test) or whether the employee must show that a reasonable person in the employee's position would have considered the working

---

[2] *Compare* these Court of Appeals decisions, all in an unemployment compensation context, interpreting the "good cause" provisions of ORS 657.176(2)(c): *Bremer v. Employment Division*, 52 Or App 293, 628 P2d 426 (1981); *Sothras v. Employment Division*, 48 Or App 69, 616 P2d 524 (1980); *O'Brien v. Employment Div.*, 35 Or App 773, 582 P2d 841 (1978); *Beaverton Sch. Dist. No. 48 v. Emp. Div.*, 29 Or App 487, 564 P2d 717 (1977); *Stevenson v. Morgan*, 17 Or App 428, 522 P2d 1204 (1974).

*See also Lewis v. Oregon Beauty Supply Co.*, 77 Or App 663, 668-69, 714 P2d 618 (1986), *aff'd in part, rev'd in part,* 302 Or 616, 733 P2d 430 (1987).

conditions so intolerable as to force a resignation (an objective test).

The phrase "constructive discharge" came into being as the functional equivalent of an involuntary termination. The reasons, as stated in *Sheets v. Knight, supra,* are:

> "Where the employee unconditionally has been told 'resign today or be fired,' the employer has decided that the employment relationship is at an end and that the employee shall leave. The employee merely selects the manner in which the employer's will is accomplished. Under such circumstances a fact finder may find that a 'resignation' was a discharge." 308 Or at 227. (Citation omitted.)

In every action for wrongful discharge, it must be shown that the plaintiff was *discharged.* Whether the discharge be direct ("You're fired!") or less direct ("I'll make things so miserable for you that you'll be forced to leave!"), the employer's intent is relevant and important. The employer seeks to dismiss an employee. If an employer is seeking to accomplish indirectly what could not be done directly, that can and should be shown. Employers who tell an employee, "Resign or be fired" may be found to have discharged an employee. *Sheets v. Knight, supra,* 308 Or at 227. Similarly, an employer who decides, "I'll make things so miserable that you'll quit" may be found to have discharged an employee. Because the latter is the substantial equivalent of the former, the employer's intent in creating or permitting the conditions is key.

The heart of the relevant *Sheets v. Knight* analysis was that an employer "discharges" an employee when the employer makes a unilateral decision to terminate the employee's employment, even though the employer invites or permits the employee to quit instead. The employer's unilateral decision to dismiss the employee is the essence of the discharge, even if the employee's resignation avoids an actual formal dismissal.

Where the claim is that the employee was forced to quit because of unacceptable working conditions created or maintained by the employer, here, too, it is consistent and appropriate to require that the plaintiff prove that the employer did so deliberately to get rid of the employee. We therefore conclude that in order to have a constructive discharge because of unacceptable working conditions, the

employee must show that the employer deliberately created or maintained the working conditions with the purpose of forcing a resignation.[3]

We turn to the second question, whether the employee need show only that the employee quit because of working conditions that were unacceptable to the employee (which, as stated, is a subjective test) or whether the employee must show that a reasonable person in the employee's position would consider the working conditions so unacceptable as to force a resignation.

We emphasized above that, underlying a discharge, direct or constructive, is a dismissal stemming from the employer's intent to be rid of a specific employee or employees. We have imposed a substantial burden of proof on the employee, requiring proof of the employer's subjective intention. If the employee must prove that the employer deliberately created or maintained working conditions known to be unacceptable with the purpose of forcing the employee to leave, and if the employee proves that this was the actual reason why the employee did leave when otherwise the employee would have remained, it is immaterial what some other hypothetical employee would have done; on those facts, the employer will have achieved the employer's purpose to terminate the employee's employment.[4]

In sum, to establish a constructive discharge stemming from unacceptable working conditions, a plaintiff must prove (1) that the employer deliberately created or deliberately maintained the working condition(s) (2) with the intention of forcing the employee to leave the employment, and (3)

---

[3] See *Bulaich v. AT&T Information Systems,* 113 Wash 2d 254, 778 P2d 1031, 1035 (1989) (the employer's action creating the working conditions must be deliberate).

[4] Other courts, whether or not they require a showing that the employer deliberately created or permitted the conditions with the intent to force the employee to quit, have adopted an objective standard requiring the employee to show that a reasonable person in the employee's position would feel compelled to resign. For the reasons stated, we reach a contrary conclusion.

The cases are summarized and analyzed in these texts and articles: 1 Tobias, Litigating Wrongful Discharge Claims 7-86 to 7-95, §§ 7:35 - 7:36 (1987); Note, *Choosing a Standard for Constructive Discharge in Title VII Litigation,* 71 Cornell L Rev 587 (1986); and Note, *Constructive Discharge Under Title VII and the ADEA,* 53 U Chi L Rev 561 (1986).

that the employee left the employment because of the working conditions.

Questions answered.