Argued and submitted January 8, affirmed August 29, 1990

Vicki BELL,
*Appellant,*

*v.*

FIRST INTERSTATE BANK,
*Respondent.*

(A8607-04379; CA A48135)

796 P2d 1226

Mark E. Griffin, Portland, argued the cause for appellant. With him on the briefs was Griffin & McCandlish, Portland.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief was Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland.

Before Buttler, Presiding Judge, and Warren* and Rossman, Judges.

WARREN, J.

---

*Warren, J., *vice* Joseph, C. J.

## WARREN, J.

Plaintiff appeals from the trial court's dismissal of her statutory employment discrimination claim. ORS 659.010 *et seq.* We review *de novo* and affirm. ORS 19.125(3); *Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 618 P2d 15 (1980); ORS 19.125(3).

Plaintiff is a black woman who worked for defendant from March, 1969, to March, 1985. The gist of her complaint is that, after 13 years as a valued employee, during which time she rose from teller to branch manager, she began to encounter racial discrimination in the terms and conditions of her employment and that, as a result, she was forced to step down from her position as branch manager, to accept gradual demotions and, eventually, to resign.

ORS 659.040(1) provides, in part:

> "Any person claiming to be aggrieved by an alleged unlawful employment practice, may * * * file with the commissioner a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful employment practice complained of and which complaint shall set forth the particulars thereof. * * * *A complaint filed pursuant to this section shall be filed no later than one year after the alleged unlawful employment practice.*" (Emphasis supplied.)

The statute permits the victim of an alleged unlawful employment practice to file a complaint with the Commissioner of the Bureau of Labor and Industries (BOLI) "no later than one year after the alleged unlawful employment practice." Plaintiff filed her complaint with BOLI on May 2, 1985. On May 2, 1986, BOLI issued a notice entitling plaintiff to sue, and she filed a complaint in circuit court, pursuant to ORS 659.121.

The trial court ruled, and plaintiff concedes, that the one year period in ORS 654.040 is a statute of limitations. Therefore, the trial court held that evidence of events occurring before May, 1984, may not be considered as an actionable employment practice *per se* but may be considered only to establish that defendant had a *policy* of racial discrimination that extended into the statutory period, and, therefore, that defendant committed a "continuing violation." *See Dobie v. Liberty Homes,* 53 Or App 366, 632 P2d 449 (1981).

It would serve no purpose to recite the evidence in detail. Suffice it to say that, assuming the validity of the continuing violation theory, on *de novo* review we agree with the trial court that the evidence does not show that defendant had a policy of discrimination. What it shows is that certain employees, including plaintiff, experienced isolated instances of racial discrimination by other bank employees, but not as a result of bank policy. Plaintiff failed to establish a continuing violation.

In her allegations reciting events that occurred within the statutory period, plaintiff states that she was forced to resign from her job as a direct result of a systematic and continuing pattern of racial discrimination with respect to compensation, terms, conditions and privileges of employment. ORS 659.030(1)(a) and (b). She assigns error to the trial court's determination that there was no employment discrimination.

To prove a claim under ORS 659.030(1)(a), plaintiff has to show that she was discharged for some unlawful reason. Because she resigned from her employment, she has to establish that she was constructively discharged, *i.e.,* that defendant deliberately created or maintained working conditions with the purpose of forcing her to resign. *Bratcher v. Sky Chefs, Inc.,* 308 Or 501, 783 P2d 4 (1989).

On May 1, 1984, plaintiff was working as a consumer loan officer at the Fifth and College Branch. She complains that Starr, the branch manager, treated her differently from and less favorably than other employees because she is black. We find these to be the material facts: Plaintiff should have received a $15,000 "loan limit" authority when she arrived at the branch in April, 1984, so that she could lend that amount without Starr's approval. She did not receive any loan limit until July. Other less experienced loan officers received loan limits sooner than that. Plaintiff did not ask Starr about the omission. Starr testified, and we find, that it was an oversight.

During the seven months that plaintiff worked at the Fifth and College Branch, Starr gave her three increasingly specific descriptions of her responsibilities, the first when plaintiff arrived, and the other two in response to specific problems that Starr had noticed in plaintiff's performance. Plaintiff testified that it was unusual to receive so many job

descriptions in such a short period of time. Starr could not identify any other employee for whom she had made three descriptions. We find that Starr provided the description as a reasonable method of dealing with plaintiffs' performance.

Starr kept notes concerning plaintiff's performance, to be used in the preparation of her evaluation. Plaintiff testified that Starr did not keep those kinds of notes for white employees. Starr testified, and we find, that it was her practice to keep notes on employees whenever she noticed performance problems.

Plaintiff was assigned to various tasks that she considered "menial," such as delivering loan papers to other branches and picking up mail. Plaintiff's predecessor, who was white, also picked up the mail.

Starr did not introduce plaintiff to businesses and organizations in the branch's market area. Plaintiff testified Starr had done that for white employees. Starr testified, and we find, that it was not her practice to introduce loan officers to the business community.

Because she was a "transitional trainee" between May, 1983, and March, 1984, plaintiff had received evaluations on each component of her training but had not been evaluated as a loan officer since May, 1982, before she had become a branch manager. In November, 1984, Starr gave her a largely negative evaluation for the previous six months. In plaintiff's opinion, the evaluation should have mentioned many of plaintiff's accomplishments during the training period. Additionally, plaintiff asserts that many positive comments could have been made, but were not, and that Starr was far more critical of her than she had been of plaintiff's white predecessor and other employees. Starr explained each of the criticisms and acknowledged that, although the evaluation was supposed to be entirely objective, and it was her intention to treat all employees the same, in evaluating plaintiff she did treat her less favorably in at least two respects. She testified, and we find, that the different treatment was not deliberate and was not motivated by racism.

We agree that plaintiff encountered difficulties while working for Starr; however, we find that the events described do not show that defendant had a purpose of forcing plaintiff

to resign. We conclude that plaintiff was not constructively discharged and, therefore, that defendant did not violate ORS 659.030(1)(a).

■ Plaintiff contends, additionally, that she experienced discrimination in the terms and conditions of her employment in violation of ORS 659.030(1)(b). Defendant provided credible, nondiscriminatory explanations for every allegedly discriminatory event. Those explanations are persuasive, and we find that plaintiff did not experience discrimination in the terms and conditions of her employment on account of her race. Rather, for reasons having nothing to do with racial discrimination, plaintiff was unhappy with her job, did not perform up to her ability or to her supervisor's reasonable expectations and ultimately resigned.

Affirmed.