On respondent Crater Lake Lumber Co.'s petition for reconsideration filed October 2, on appellants' petition for reconsideration filed October 3, Crater Lake's petition allowed, opinion modified (103 Or App 190, 796 P2d 1216) and adhered to as modified; appellants' petition for reconsideration denied January 23, 1991

Bobbie J. CARLSON,
Allen E. Carlson, Bobbie Sam Lakings,
and Gwendolyn A. Karau,
*Appellants,*

*v.*

CRATER LAKE LUMBER CO.,
and WTD Industries, INC.,
*Respondents.*

(16-88-01489; CA A60073)

804 P2d 511

Galen L. Bland, Portland, for respondent Crater Lake Lumber Co.'s petition.

Martha L. Walters, Eugene, for appellants' petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Crater Lake Lumber Co. (Crater Lake) petitions for reconsideration of our opinion. 103 Or App 190, 796 P2d 1216 (1990). We held that the trial court erred when it granted a summary judgment to Crater Lake on Bobbie Carlson's wrongful discharge claim. The petition for reconsideration raises the issue of whether Crater Lake can be liable for the actions of Bobbie's supervisor, Glogowski, that allegedly created an intolerable work environment for her after she resisted what she asserts was his sexual harassment. Because we did not discuss that issue, we allow the petition, modify our opinion and adhere to it as modified.[1]

Oregon recognizes the tort of wrongful discharge and that a wrongful discharge may be constructive. A resignation can have the same effect as a discharge, if the employer compels the employee to resign. *Sheets v. Knight,* 308 Or 220, 779 P2d 1000 (1989). A resignation caused by intolerable working conditions for which the employer is responsible or which he condones can also be a constructive discharge. *Bratcher v. Sky Chefs,* 308 Or 501, 783 P2d 4 (1989). Crater Lake did not have notice of Glogowski's behavior. Neither *Bratcher* nor *Sheets* considered the issue of whether an employer can be liable if its lower level supervisor creates intolerable conditions for an employee because she resists his sexual harassment and he does so with the intent to force the employee to resign, even though the employer does not have notice of the supervisor's behavior.

The court has said:

"Under the doctrine of *respondeat superior,* an employer is liable for an employee's torts when the employee acts within the scope of employment. * * * Negligence or other tortious conduct by the *employer* is not required." *Chesterman v. Barmon,* 305 Or 439, 442, 753 P2d 404 (1988). (Emphasis in original.)

Accordingly, Crater Lake, even though it did not have notice, may be responsible under the doctrine of *respondeat superior,* if Glogowski acted within the scope of his employment. An employee's act is within the scope of his employment if (1) it

---

[1] Appellants' petition for reconsideration is denied.

occurs substantially within the time and space limits authorized by the employment; (2) the employee is motivated at least in part by a purpose to serve the employer; and (3) the act is of a kind that the employee was hired to perform. *Chesterman v. Barmon, supra; see also Stanfield v. Laccoarce,* 284 Or 651, 655, 588 P2d 1271 (1978). Whether an employee's acts that created intolerable working conditions are within the scope of his employment is generally a question of fact. *See Gossett v. Simonson,* 243 Or 16, 21, 411 P2d 277 (1966); *Erickson v. Christenson,* 99 Or App 104, 109 n 3, 781 P2d 383 (1989). There is a genuine issue of material fact relating to whether Glogowski's actions, if they occurred, took place within the scope of his employment.

Crater Lake also asserts that Glogowski's slap on plaintiff's buttocks and his accompanying remark did not constitute sexual harassment as a matter of law, because in her deposition she testified that she did not believe Glogowski's behavior to be of a sexual nature. Even though that testimony appears to contradict her position on the summary judgment motion, her deposition testimony does not resolve the issue as a matter of law. Apparently, she gave different interpretations of the same events at different times. Whether Glogowski's verbal or physical conduct was of a sexual nature to support an assertion of sexual harassment remains a genuine issue of material fact. *See Sparks v. Pilot Freight Carriers, Inc.,* 830 F2d 1554, 1564 (11th Cir 1987); *Henson v. City of Dundee,* 682 F2d 897, 909 (11th Cir 1982).

Respondent Crater Lake's petition for reconsideration allowed; opinion modified and adhered to as modified; appellants' petition for reconsideration denied.