Argued and submitted April 11, reversed and remanded for reconsideration
May 18, 2005

Clinton D. JONES,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and SCI Oregon Funeral Service,
*Respondents.*

04-AB-1470; A125528

112 P3d 453

Francis J. Connell, III, argued the cause and filed the brief for petitioner.

Richard D. Wasserman waived appearance for respondent Employment Department.

No appearance for respondent SCI Oregon Funeral Service.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Rasmussen, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Employment Appeals Board (EAB) denying him unemployment compensation benefits on the ground that he had been discharged for misconduct. We reverse and remand for reconsideration.

The relevant facts are not in dispute. Claimant worked for employer as a funeral director. His termination arose out of his decision to permit the cremation of a woman's body without first obtaining written authorization from the surviving husband. The woman's body arrived at the facility where claimant worked on or about January 13, 2004, and claimant was assigned to handle the disposition of the remains. Claimant learned that the woman had been shot and killed by her husband and that the husband was incarcerated at the county jail. Claimant met with the remaining family of the deceased and obtained written authorization to cremate the body from the father and the siblings of the deceased. He explained to the family that there might be some delay in the cremation because he needed to obtain written authorization from the husband before he could cremate the body. Claimant understood that ORS 97.130 required him to obtain such written authorization from a spouse who "is available at the time of death."

Several days later, claimant took a nine-day vacation. Before leaving, he arranged for viewing of the body and for staff to contact the husband to obtain written authorization to cremate the body. When he returned from vacation, the written authorization had not been obtained. Claimant telephoned the husband's lawyer and left a message explaining that he needed to obtain authorization from the husband before he could cremate the body.

On January 30, claimant spoke with the husband's lawyer, who told claimant that he had confirmed with his client that he desired cremation of the deceased's remains. The attorney told claimant that, once he received an authorization form, he could return a signed authorization within 48 hours. Claimant faxed the attorney the authorization form on February 2.

The family of the deceased became increasingly distraught over the delay in the cremation and told claimant so. On February 7, having received no word from the husband's lawyer, claimant instructed the crematory operator to cremate the deceased. On February 9, employer suspended claimant pending an investigation. On February 10, employer received the husband's written cremation authorization. Nevertheless, employer ultimately decided to discharge claimant.

The authorized representative of the Employment Department (department) concluded that claimant was entitled to employment compensation benefits because he had been discharged for an isolated instance of poor judgment. At the hearing before an administrative law judge (ALJ), claimant defended his entitlement to benefits on the ground that his decision to cremate the deceased's body was born of compassion for the family of the deceased—who were pressuring him for a speedy disposition of the remains—and a misunderstanding as to the meaning of an ambiguous statute. The ALJ, however, concluded that claimant had engaged in misconduct and was not entitled to benefits. EAB affirmed, explaining that claimant made a willful decision to violate the law. According to EAB, the decision did not constitute an isolated instance of poor judgment because "even an isolated act can be too serious to amount to mere poor judgment if the act violated the law." On review, claimant argues that EAB erred in denying him benefits and concluding that his termination was not a result of an isolated instance of poor judgment.

ORS 657.176(2)(a) provides that a worker is not entitled to unemployment compensation benefits if the worker was discharged for "misconduct." OAR 471-030-0038(3) defines "misconduct" as "a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee." The rule also defines what is *not* "misconduct." Excluded from the term are "[i]solated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from [a] lack of job skills or experience." OAR 471-030-0038(3)(b).

In *Freeman v. Employment Dept.*, 195 Or App 417, 98 P3d 402 (2004), EAB concluded that the claimant had been discharged for misconduct when the claimant, who worked as a beer and wine sales representative, misjudged the amount that he had imbibed at an employer-sponsored wine-tasting event and was arrested for driving under the influence of intoxicants, resulting in the temporary suspension of his driving privileges. The claimant had argued to EAB that he had engaged in a good faith misjudgment about his blood alcohol content and that, as a result, the incident amounted to no more than an isolated instance of poor judgment. EAB rejected that argument, explaining that the "[c]laimant's failure to maintain [his] license was too severe to be an isolated instance of poor judgment." *Id.* at 419-21.

We reversed. We explained that

"EAB failed to explain adequately why the 'severity' of conduct or of its consequence—in this case, the loss of claimant's driver's license—could determine whether the conduct itself constituted an isolated instance of poor judgment within the meaning of OAR 471-030-0038(3)(b). Instead, EAB appeared to assume that, merely because claimant lost his driving privileges, claimant's conduct could not constitute an instance of poor judgment under OAR 471-030-0038(3)(b). That, however, is not a correct understanding of the rules. We do not suggest that the severity of conduct or its consequences is immaterial to the issue whether a claimant made a decision involving poor judgment. However, the determination whether an instance of poor judgment has occurred logically involves an examination of the claimant's decision-making process that led to the conduct or consequences, as well as the nature or gravity of the conduct or consequence itself. * * * It follows that EAB's conclusion that claimant's conduct was not an instance of poor judgment lacks substantial reason."

*Freeman*, 195 Or App at 424 (citations omitted).

This case is controlled by *Freeman*. EAB's rationale is identical to the rationale that we rejected in that case; that is, EAB assumed that the severity of conduct, by itself, is determinative of whether the conduct amounts to an isolated

instance of poor judgment. As we said in *Freeman*, the assumption is inconsistent with the rules.

Accordingly, we must remand to EAB for reconsideration. In doing so, we also note—because the issue undoubtedly will arise on remand—that when EAB engages in that reconsideration, it should also consider that, to the extent that a department's authorized representative based an unemployment compensation decision on an interpretation of the department's own rule defining misconduct, that interpretation is entitled to the deference described in *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994).

Reversed and remanded for reconsideration.