Argued and submitted December 3, 2008, affirmed February 11, 2009

Cheryl A. CALLAWAY,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Entek International, LLC,
*Respondents.*

Employment Appeals Board
07AB1596; A136972

202 P3d 196

John E. Kennedy argued the cause for claimant. With him on the brief was Morley, Thomas & McHill LLC.

Susan B. Dussalt argued the cause for respondent Entek International, LLC. With her on the brief were Edward J. Reeves, Ryan S. Gibson, and Stoel Rives LLP.

Richard Wasserman, Attorney-in-Charge, waived appearance for respondent Employment Department.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

## SCHUMAN, J.

Claimant seeks judicial review of an Employment Appeals Board (board) determination that she did not qualify for unemployment insurance benefits because she had been fired for misconduct. Claimant contends that the acts for which she was fired were mere "isolated instances of misconduct" and that, therefore, under the statutes and rules governing the board, they were not misconduct. ORS 657.176; OAR 471-030-0038. We affirm.

The following facts are supported by substantial evidence in the record. ORS 183.484(5)(c). Claimant worked for Entek International, LLC (employer) as a payroll clerk with the official job title of "Human Resources Assistant." In that capacity, she had access to confidential information involving personnel and policy matters. She knew that employer expected her to perform her duties in a professional manner and to avoid acting contrary to the employer's company interests.

Shortly after a fellow employee, D, was fired, employer's representative discovered two e-mails written by claimant. One of them advised D that she should not quit her job because, if she did, she would not qualify for unemployment benefits; rather, she should try to provoke employer to fire her. The second e-mail revealed that, after D disregarded claimant's advice, claimant sent a message to a nonemployee informing her that D had quit. The next day, employer fired claimant.

Claimant applied for unemployment insurance benefits, and her application was denied by an Employment Department representative. Claimant appealed, and a hearing was held before an administrative law judge (ALJ). After listening to testimony from a representative of employer and from claimant, the ALJ ruled against claimant, explaining,

"Claimant knew, or should have known, that * * * advising an employee to force the employer to discharge her was not in the employer's best interests. Claimant made a conscious decision to instruct the employee about how to qualify for unemployment benefits. Claimant's conduct was a violation of the employer's reasonable expectation and was misconduct.

"Claimant's e-mail to a former employee with information that [D] had quit her job also violated the employer's reasonable policy that claimant behave professionally in the workplace. Claimant shared personnel information to which she was privy in her position with a non-employee. Claimant's behavior was a willful violation of the employer's reasonable expectation and was misconduct.

"Claimant's behavior was too serious to be excused as an isolated instance of poor judgment. * * * Claimant's behavior breached the trust relationship with the employer, making continued employment impossible."

The board adopted and affirmed the ALJ's decision. Claimant now seeks judicial review.

■       The issue before us is whether claimant was fired for misconduct. If so, the board ruled correctly that she does not qualify to receive unemployment insurance benefits. ORS 657.176. "Misconduct" is defined by rule as "a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee" as well as "[a]n act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest." OAR 471-030-0038(3)(a). However, an act is not "misconduct," and therefore cannot serve as the basis for discharge, if it is (among other things) an "[i]solated instance[ ] of poor judgment." OAR 471-030-0038(3)(b). An isolated instance of poor judgment, in turn, is defined as follows:

"(A)   The act must be isolated. The exercise of poor judgment must be a single or infrequent occurrence rather than a repeated act or pattern of other willful or wantonly negligent behavior.

"* * * * *

"(C)   The act must involve poor judgment. A decision to willfully violate an employer's reasonable standard of behavior is poor judgment. A conscious decision to take action that results in a wantonly negligent violation of an employer's reasonable standard of behavior is poor judgment. A conscious decision not to comply with an unreasonable employer policy is not misconduct.

"(D)   Acts that violate the law, acts that are tantamount to unlawful conduct, acts that create irreparable

breaches of trust in the employment relationship or otherwise make a continued employment relationship impossible exceed mere poor judgment and do not fall within the exculpatory provisions of OAR 471-030-0038(3)."

OAR 471-030-0038(1)(d). The board correctly concluded that, unless claimant's acts fell within the exculpatory exception for acts that are isolated incidents of poor judgment, her acts—advising D to provoke employer to fire her and disclosing confidential employment information to a nonemployee— amounted to misconduct because those acts were conscious, unprofessional, and contrary to employer's interest. The board then ruled that these acts of misconduct could not "be excused as an isolated instance of poor judgment" because they were "too serious." That reasoning was wrong. The fact that an isolated instance of poor judgment is a *serious* violation of an employer's reasonable standard of behavior does not automatically transform the act into misconduct or, put another way, does not mean that the act cannot qualify for the exculpatory provision that immunizes isolated instances of poor judgment. *Jones v. Employment Dept.*, 199 Or App 571, 575-76, 112 P3d 453 (2005); *Freeman v. Employment Dept.*, 195 Or App 417, 424, 98 P3d 402 (2004).

The board went on to reason, however, that claimant's acts "breached the trust relationship with the employer, making continued employment impossible." In so concluding, the board invoked OAR 471-030-0038(1)(d)(D), under which "acts that create irreparable breaches of trust in the employment relationship or otherwise make a continued employment relationship impossible exceed mere poor judgment and do not fall within the exculpatory provisions [for isolated instances of poor judgment]." We presume that this provision imposes an objective test; an employer cannot unilaterally announce a breach of trust if a reasonable employer in the same situation would not do so.

■■ Thus, the dispositive question is whether employer's loss of trust was a reasonable reaction to claimant's acts. That determination involves an interpretation of the Employment Department rule defining "misconduct." *Ring v. Employment Dept.*, 205 Or App 532, 536, 134 P3d 1096 (2006). Because the department promulgated the rule, we

will defer to its interpretation unless it is implausible, that is, inconsistent with the rule's text, context, or other source of law. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994); *Ring*, 205 Or App at 536. Further, the department's decision is the one rendered by the authorized representative, not the one made by either the ALJ or the board. *McPherson v. Employment Division*, 285 Or 541, 546-47, 591 P2d 1381 (1979); *Johnson v. Employment Dept.*, 187 Or App 441, 446-47, 67 P3d 984, *rev den*, 336 Or 60 (2003). Here, claimant, a human resources employee, advised another employee to provoke employer to fire her, knowing that to do so would be contrary to employer's interest. More seriously, she disclosed confidential personnel information to an outsider. The department's authorized representative concluded that those actions amounted to misconduct. That conclusion is not implausible. We therefore affirm.

Affirmed.