Argued and submitted June 10, reversed and remanded  November 13, 2014

Anna A. ISAYEVA,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Check Cash Pacific,
*Respondents.*

Employment Appeals Board
12AB2594; A152848

340 P3d 82

Courtney A. Crowe argued the cause for petitioner. With her on the brief was Legal Aid Services of Oregon.

Denise G. Fjordbeck, Attorney-in-Charge, waived appearance for respondent Employment Department.

No appearance for respondent Check Cash Pacific.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) concluding that she was disqualified from receiving unemployment insurance benefits because she had been discharged for misconduct. Claimant contends that the EAB's order is not supported by substantial reason and that the EAB committed legal error in its analysis. We agree with claimant and reverse and remand.

We take the facts, which are undisputed, from the EAB's order and the record. Claimant worked for respondent Check Cash Pacific (employer) for over 11 years. During the last four years of her employment, employer expanded her regular job duties and responsibilities. Before the incident that led to her termination, claimant had never refused to perform work and had not been reprimanded for failing to perform her duties. From the time claimant began working in 2001 until 2008, employer gradually increased her hourly wage. From 2008 until employer terminated her employment in 2012, she did not receive pay increases.

The incident that precipitated claimant's termination occurred on June 18, 2012, and concerned her supervisor's request that she review the accuracy of certain loan documents. She had occasionally performed such document reviews in the past. However, she told her supervisor that she would not perform the requested task without receiving a pay raise. After that conversation, claimant continued working for employer for over two weeks. On July 3, claimant's supervisor told the owner what had occurred on June 18. On July 5, the owner told claimant that he was terminating her employment because of her failure to perform the task her supervisor had assigned on June 18.

Claimant applied for unemployment benefits, which the Employment Department (department) denied on the ground that her failure to follow her supervisor's directive "was a wantonly negligent disregard of the employer's interest," and so she "was discharged for misconduct connected with work." Claimant requested a hearing, which was held before an administrative law judge (ALJ) from the Office of Administrative Hearings.

The ALJ concluded that claimant had been discharged, but not for misconduct, and awarded her benefits. The ALJ reasoned that claimant's behavior constituted an isolated instance of poor judgment:

> "Claimant's behavior was a single occurrence. Claimant had never previously refused to perform work and had not engaged in any repeated pattern of behavior to violate employer's interests. Claimant's action showed poor judgment. Claimant made a conscious decision that resulted in a willful violation of employer's reasonable standard of behavior. Claimant's action was not illegal or tantamount to unlawful conduct. Also, the evidence did not suggest that claimant's refusal caused a breach of trust in the employment relationship or otherwise made claimant's continued employment impossible. Claimant continued working for employer for more than two weeks after June 18, 2012, and the manager did not report the incident to the owner until more than 10 days after the incident. This evidence does not support a finding that claimant's violation was so egregious as to exceed poor judgment."

However, on employer's appeal, the EAB concluded that claimant's action on June 18 made a continued employment relationship impossible, which excluded her conduct from the exculpatory provision of OAR 471-030-0038(3)(b) pertaining in part to isolated instances of poor judgment, and that she instead was disqualified from receiving benefits because she had been discharged for misconduct.

On review of the EAB's order, claimant asserts that her conduct was, at worst, an isolated instance of poor judgment rather than disqualifying misconduct. "We review the EAB's findings for substantial evidence and review the EAB's order for substantial reason and errors of law." *Fox v. Employment Dept.*, 261 Or App 560, 563, 323 P3d 530 (2014).

We explained disqualifying misconduct in *Fox*:

> "The employer has the burden to establish misconduct by a preponderance of evidence. *Babcock v. Employment Div.*, 25 Or App 661, 664, 550 P2d 1233 (1976). Under ORS 657.176(2)(a), an individual who '[h]as been discharged for misconduct connected with work' is not entitled to receive unemployment insurance benefits. 'Misconduct' is defined in OAR 471-030-0038(3)(a) as 'a willful or wantonly

negligent violation of the standards of behavior which an employer has the right to expect of an employee' as well as '[a]n act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest.' However, an act is not 'misconduct' if it is, among other things, an isolated instance of poor judgment. OAR 471-030-0038(3)(b)."

261 Or App at 563-64 (brackets in *Fox*). Thus, under the department's administrative rule, certain actions are excluded from the definition of misconduct, including an isolated instance of poor judgment. OAR 471-030-0038(3)(b). An "isolated instance of poor judgment" is defined in OAR 471-030-0038(1)(d) as follows:

"As used in this rule, the following standards apply to determine whether an 'isolated instance of poor judgment' occurred:

"(A) The act must be isolated. The exercise of poor judgment must be a single or infrequent occurrence rather than a repeated act or pattern of other willful or wantonly negligent behavior.

"(B) The act must involve judgment. A judgment is an evaluation resulting from discernment and comparison. Every conscious decision to take an action (to act or not to act) in the context of an employment relationship is a judgment for purposes of OAR 471-030-0038(3).

"(C) The act must involve poor judgment. A decision to willfully violate an employer's reasonable standard of behavior is poor judgment. A conscious decision to take action that results in a wantonly negligent violation of an employer's reasonable standard of behavior is poor judgment. A conscious decision not to comply with an unreasonable employer policy is not misconduct.

"(D) Acts that violate the law, acts that are tantamount to unlawful conduct, acts that create irreparable breaches of trust in the employment relationship or otherwise make a continued employment relationship impossible exceed mere poor judgment and do not fall within the exculpatory provisions of OAR 471-030-0038(3)."

Although the EAB stated in its order that claimant refused "to perform work assigned to her without factual or legal basis" and that the request by her supervisor on

June 18 was reasonable because she had performed similar document reviews in the past, the EAB did not expressly determine whether claimant's conduct constituted an "isolated" instance of "judgment" as described in OAR 471-030-0038(1)(d)(A) and (B). The EAB determined that a reasonable employer

> "*could conclude*, on the basis of claimant's refusal to review loan files unless she was given a raise, that claimant might refuse to work as assigned in [the] future if she disagreed with some aspect of her employment."

(Emphasis added.) On that basis, the EAB determined that "her refusal made a continued employment relationship impossible" under OAR 471-030-0038(1)(d)(D). It follows under that rule that the EAB concluded that claimant's action on June 18 exceeded "mere poor judgment," described in OAR 471-030-0038(1)(d)(C).

On review, claimant first argues that the EAB was obligated, but failed, to make appropriate findings regarding claimant's intent and her decision-making process leading to the conduct so that it could properly determine whether her conduct involved isolated instance of poor judgment or, instead, the more egregious conduct described in OAR 471-030-0038(1)(d)(D). As a result, she urges, the EAB's decision lacks substantial reason.

We have repeatedly held that determining the existence of an "isolated instance of poor judgment" requires "an examination of the seriousness of the asserted misconduct and the claimant's mental state" or "decision-making process that led to the conduct." *Fox*, 261 Or App at 564-65 (internal quotation marks omitted); *accord Freeman v. Employment Dept.*, 195 Or App 417, 424, 98 P3d 402 (2004). As noted earlier, the EAB concluded that claimant's single instance of refusing to perform a review of loan documents could have an effect on a reasonable employer's view of the employment relationship. However, the EAB omitted findings concerning claimant's decision-making process and intent necessary to evaluate whether claimant's conduct met the definition of an "isolated instance of poor judgment." For that reason and, as we next discuss, because the EAB applied an incorrect legal standard in its determination

under OAR 471-030-0038(1)(d)(D), we conclude that the EAB's order lacks substantial reason.

Whether conduct makes a continued relationship impossible under OAR 471-030-0038(1)(d)(D) and, therefore, is not an isolated instance of poor judgment, is an objective test. *Callaway v. Employment Dept.*, 225 Or App 650, 654, 202 P3d 196 (2009). Claimant contends that the EAB committed legal error by applying an incorrect test, namely, assessing whether a reasonable employer in employer's position "could have concluded" that a continued employment relationship was impossible. She posits that the proper objective test is instead "whether a reasonable employer *would conclude*" that the employee's conduct "made a continued employment relationship impossible." (Emphasis added.) We agree with claimant that the rule's objective test does not turn on whether some employer could conclude that the claimant's behavior was so egregious that the employment relationship was no longer possible. Instead, the objective test under OAR 471-030-0038(1)(d)(D) is whether a reasonable employer under the circumstances would conclude that the employee's conduct exceeded mere poor judgment and instead, in this instance, made a continued employment relationship impossible. *See Calaway*, 225 Or App at 654 (stating that "an employer cannot unilaterally announce a breach of trust if a reasonable employer in the same situation would not do so").

Claimant also argues that the EAB applied an incorrect understanding of OAR 471-030-0038(1)(d)(D) that ignores the plain meaning and context of that rule. She argues that, given the rule's plain meaning, the department intended to disqualify from the receipt of benefits a claimant who has engaged in an isolated act that is unlawful, that is similar to an unlawful act, or that, in some other way, is so egregious and beyond an instance of poor judgment that an employer would consider the act to be the kind of misconduct that renders employing the claimant impossible. To construe OAR 471-030-0038(1)(d)(D) to require less would, in claimant's view, effectively render meaningless OAR 471-030-0038(1)(d)(C), which defines an isolated instance of poor judgment to include a "decision to willfully violate an employer's reasonable standard of behavior" and a "conscious

decision to take action that results in a wantonly negligent violation of an employer's reasonable standard of behavior." Claimant also contends that the EAB wrongly applied OAR 471-030-0038(1)(d)(D) in a way that renders an employer's decision to discharge an employee sufficient to conclude that the employee's conduct "made a continued relationship impossible." Claimant argues that the EAB's view of the rule would disqualify a discharged claimant from receipt of benefits in every case by precluding the conclusion that the claimant's conduct was merely an isolated instance of poor judgment, a result that the Employment Department could not have intended when it promulgated the rule.

Claimant's argument concerning the proper construction of the rule should be made to the department on remand. We will defer to an agency's interpretation of its own rule unless it is inconsistent with the rule's text, context, or other source of law. *Callaway*, 225 Or App at 654-55. The department's decision in this case is the one issued by its authorized representative; the department's decision is not that of the ALJ or of the EAB, because they are reviewing bodies and not policy-making ones. *Ring v. Employment Dept.*, 205 Or App 532, 536, 134 P3d 1096 (2006). In this case, though, the department's decision was based on OAR 471-030-0038(3)(a) and did not discuss whether claimant's conduct was an isolated instance of poor judgment under OAR 471-030-0038(3)(b). Thus, there is no legal interpretation of OAR 471-030-0038(1)(d) for us to review.

In the absence of an appropriate interpretation for review, we generally remand to allow the department's authorized representative to interpret its rule. *Ring*, 205 Or App at 537. Given the lack of a legal interpretation of OAR 471-030-0038(1)(d) by the department, a paucity of findings concerning claimant's intent and the seriousness of her conduct, and the EAB's application of an erroneous legal standard, we remand to allow the department to construe its rule concerning isolated instances of poor judgment in the first instance and then to reconsider its decision on a full factual record.

Reversed and remanded.